G. F. SANBORN CO. *v.* RICHTER.

TAXATION—REDEMPTION—NOTICE—CHAIN OF TITLE.
    In order to cut off the right of redemption from a tax sale,
        the holder of the tax title must serve notice on all per-
        sons entitled thereto. The grantee under the last re-
        corded deed in the regular chain of title is one of the
        parties entitled to notice and the provision is not met
        by service on a later grantee in certain tax deeds issued
        by the State.

Appeal from Ontonagon; Cooper, J. Submitted
June 11, 1913. (Docket No. 71.) Decided July 18,
1913.

Bill by G. F. Sanborn Company against Theodore
Richter and another for redemption from certain tax
purchases. From a decree for complainant, defend-
ants appeal. Affirmed.

*John Jones,* for appellants.

*Stone & Wieder,* for appellee.

Complainant is the owner through mesne convey-
ances of tax titles for the years 1891-1898, inclusive,
covering the S. W. ¼, section 19, township 49 north,
of range 41 west, in the county of Ontonagon. De-
fendants are owners by purchase from Henry A.
Gunderson of tax titles covering the same description
for the years 1899-1901, inclusive. For these titles
Gunderson paid the State the sum of $129.58. On
July 16, 1908, complainant caused to be paid to the
register in chancery for Ontonagon county the sum
of $266.46; that being the amount necessary to re-
deem from the Gunderson titles under section 141 of

the general tax law of the State (Act No. 236, Pub. Acts 1903). Defendants were duly notified of this deposit by the register, and a quitclaim deed was demanded.

The regular chain of title shows that the land in question was patented to Jacob Schwartz June 15, 1852, by him deeded to the American Mining Company August 13, 1852, and by said company deeded to the Derby Mining Company March 16, 1855. The last-named company is the grantee in the last-recorded deed in the regular chain of title. It is a Michigan corporation, whose office for the transaction of business in this State was, by its articles of association, located in the county of Ontonagon.

Defendants having refused to reconvey, the bill in this cause was filed. It is the contention of defendants that Gunderson, their grantor, served a valid notice to redeem from his tax title purchases upon all persons required by the statute. The proof of service follows:

"Proof of Service by Registered Mail:

"State of Michigan, County of Ontonagon—*ss.*:

"I do hereby certify and return, that on the 26th day of September, A. D. 1904, I served a copy of the foregoing notice on Cazenovia Land Company, Milwaukee, Wis., who are the grantees under the last recorded deed issued by the auditor general upon the within described land by depositing in the post office at the village of Ontonagon in said county for transmission through the United States mail one registered letter same containing a true copy of said notice properly addressed to said above named persons as follows: Cazenovia Land Co., Milwaukee, Wis., receipt for which said registered letter is hereto annexed and forms a part of this return.

"William McFarlane, Sheriff of said County.

"My fees, $1.20. Dated October 17, 1904.

"Proof of Failure of Service, Personal and Mail:

"State of Michigan, County of Ontonagon—*ss.*:

"I do hereby certify and return that after careful inquiry I am unable to ascertain the whereabouts or

post office address of American Mining Company
———, in the regular chain of title to the foregoing
described land——— grantee named in the last re-
corded deed or ——— or ——— or of the heir ———
of said grantee, or the whereabouts or the post office
address of the executor, administrator, trustee, or
guardian of such grantee, mortgagee or assignee
upon the foregoing described land.

"WILLIAM MCFARLANE, Sheriff of said County.
"My fees, $1.10. Dated October 17, 1904."

From a decree in favor of complainant, defendants
appeal.

BROOKE, J. (after stating the facts). The only
question involved in this cause is whether it was
necessary for defendant's grantor, Gunderson, to
make service of the notice upon the Derby Mining
Company; that company being the grantee in the last-
recorded deed in the regular chain of title. It seems
to be the contention of defendants that service upon
the Derby Mining Company was not necessary be-
cause the title of that company had been completely
cut off by a series of sales to the Cazenovia Land
Company, through which company complainant de-
rives title. It is likewise contended that a fair
analysis of the term "regular chain of title" shows
it to mean "the original title passed on through a
series of legal, regular steps, following each other in
natural sequence; that the purchase of a tax title
under the law as it was prior to Act 229 of 1897, if
valid, so that the deed when received conveyed the fee
title to the land, is just as much a step or deed in the
regular chain of title as any other conveyance can be,
whether voluntary or involuntary." In our opinion
neither of these contentions is tenable.

The first presupposes the regularity and legality
of the tax sales to the Cazenovia Land Company, and
that under the law as it then stood the Derby Min-
ing Company was precluded from contesting their

validity.   The second position is foreclosed against defendant's contention by the case of *Griffin* v. *Jackson*, 145 Mich. 23 (108 N. W. 438, 9 Am. & Eng. Ann. Cas. 74), where this court, speaking through Justice HOOKER, said:

"We are of the opinion that by 'regular chain of title' was meant the chain of title based upon the patent."

The statute (section 140 of the general tax law) provides for service of the notice upon "the grantee or grantees under the last recorded deed in the regular chain of title to said land, and upon the grantee or grantees under the last recorded tax deed issued by the auditor general," etc.   This language is so plain as to render construction unnecessary.   Defendant's grantor, Gunderson, evidently understood the statute requirements, for he made an attempt to serve the notice upon the American Mining Company, the grantor of the Derby Mining Company, apparently being under the impression that the American Mining Company was the grantee in the last-recorded deed in the regular chain of title.

Until the statutory notice is served upon all parties entitled thereto and proof thereof is made and filed, the right of redemption remains to all.   *Hansen* v. *Hall*, 167 Mich. 7 (132 N. W. 657), and cases there cited.

The decree is affirmed, with costs.

STEERE, C. J., and MOORE, MCALVAY, KUHN, OSTRANDER, and BIRD, JJ., concurred.   STONE, J., did not sit.