OTTO *v.* PHILLIPS.

1. TAXATION—NOTICE TO REDEEM.

Under 1· Comp. Laws 1915, § 4138, to perfect tax title, the purchaser must serve copy of notice to redeem upon person or persons in possession, if any, as well as upon owner.

2. SAME.

Until notice to redeem is served upon all parties as provided by statute (1 Comp. Laws 1915, § 4138), the owner is under no legal obligation to redeem.

3. QUIETING TITLE—DAMAGES.

In suit by purchaser of tax title to quiet title, where owner filed cross-bill for damages for alleged interference with his possession, record *held,* not to disclose any legal basis on which damages might be assessed.

Appeal from Muskegon; Vanderwerp (John), J. Submitted April 10, 1930. (Docket No. 59, Calendar No. 34,912.) Decided June 2, 1930. Rehearing denied October 3, 1930.

Bill by Irene Otto against Pleasant I. Phillips and others to quiet title to land. Cross-bill by Pleasant I. Phillips against plaintiff and other defendants for an accounting. From a decree requiring defendant Phillips to redeem, he appeals. Reversed, and bill dismissed.

*Balgooyen & Cook* and *Alexis J. Rogoski,* for plaintiff.

*Pleasant I. Phillips, in pro. per.*

SHARPE, J. The bill of complaint herein was filed to quiet title in plaintiff to certain property in the city of Muskegon Heights. Plaintiff's grantor ac-

Who entitled to notice to redeem from tax sale, see annotation in 44 L. R. A. (N. S.) 667.

quired title by virtue of a tax deed, dated September 6, 1928, issued by the auditor general. The defendant Phillips is the last grantee in the regular chain of title thereto. Plaintiff served a notice to redeem upon Phillips and certain mortgagees, but failed to serve such notice on one Johnson, who occupied a house thereon.

To perfect a tax title, the purchaser must serve a copy of the notice "upon the person or persons, if any there be, in the actual open possession of such lands" 1 Comp. Laws 1915, § 4138) as well as upon the owner. The trial court was right in so holding. He, however, was of the opinion that he might order the owner to deposit with the clerk of the court the amount necessary to redeem, and so decreed. In this we think he was in error. Under the section above referred to, the purchaser is not entitled to possession until six months after proof of service of such notice has been filed with the county clerk. *Williams* v. *Olson,* 141 Mich. 580.

"Until the statutory notice is served upon all parties entitled thereto and proof thereof is made and filed, the right of redemption remains to all." *G. F. Sanborn Co.* v. *Richter,* 176 Mich. 562, 565.

Until such notice is served as provided by the statute, the owner is under no legal obligation to redeem. We cannot agree with the trial court that "He is seeking the aid of a court of equity, and, therefore, should be required to do equity." He is here defending against the claim of plaintiff that she has title to this property, and that it should be quieted in her.

There is no sufficient proof of plaintiff's claim of title by adverse possession. Under the facts disclosed in the record, her bill of complaint should have been dismissed.

The cross-bill of the defendant Phillips was not one in the nature of a bill to redeem. He sought damages for the plaintiff's interference with his possession. In his verified answer he stated:

"This defendant charges that the defendants are in legal possession of said premises although plaintiff and her agents are making illegal claims to defendant's tenants and interfering with defendant's management of said premises."

His tenants are still liable to him for the rent of the premises. The record does not disclose any legal basis on which such damages may be assessed.

A decree may be here entered dismissing the bill of complaint, with costs of both courts to the defendant Phillips.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.