[File No. 6781]

GEORGE ANDERSON, Appellant, v. EMMA M. ROBERTS, Victor Moynier, Burleigh County, North Dakota, a Public Corporation, et al., and VICTOR MOYNIER, Respondent.

(1 NW(2d) 338)

Opinion filed November 26, 1941

*Zuger & Zuger,* for appellant.
*F. E. McCurdy,* for respondent.

MORRIS, J. The plaintiff brought this action to quiet title to a quarter section of land in Burleigh county which the plaintiff claims to have acquired from the county by virtue of a contract entered into with the county pursuant to the provisions of chapter 288, ND Session Laws 1931, as amended by chapter 235, ND Session Laws 1939. The county claimed title to the property by virtue of tax sale proceedings based upon taxes levied for the year 1931.

During all of the time involved in the proceedings up to the recording of a tax deed to Burleigh county, the defendant, Victor Moynier, was the record title owner to the lands in question. He contends that because of certain defects in the proceedings the tax deed is void and he is still the owner.

The trial court found that the tax deed was void and directed the cancelation of plaintiff's contract with the county upon reimbursement to the plaintiff by Victor Moynier of certain sums paid to the county. Chapter 235, ND Session Laws 1939, makes a deposit covering such reimbursement a condition precedent to the right to proceed with the action. Such deposit was made.

The plaintiff appeals from the decision of the trial court and demands a trial de novo.

The trial court found that the township assessor failed to verify the assessment roll for 1931 and returned that record to the office of the county auditor without verification. The Board of Township Trustees, sitting as a Board of Equalization, failed to sign or certify its minutes but made no change in the valuation fixed by the assessor. The Board of County Commissioners, sitting as a Board of Equalization, failed to make a record of its proceedings relative to the valuation of any land in the township in which the land involved is situated.

The school district in which the land is located made no budget for the year of 1931 but levied a lump sum. The land was sold at tax

sale twice on December 13, 1932; one sale being for general taxes in the sum of $48.71, the other sale for hail indemnity taxes in the sum of $34.81. The land was bid in by Burleigh county at both sales and separate certificates issued therefor by the county auditor under date December 13, 1932.

Notice of expiration of the period of redemption was caused to be published by the county auditor of Burleigh county on July 30, 1940, pursuant to the provisions of chapter 235, ND Session Laws 1939. No mention is made in the publication of the separate sales, separate certificates or respective amounts for which the land was sold in 1931. However, the advertisement sets forth the amount due to be the sum of $142.40 which is apparently the sum of the amount due on both certificates with penalties and interest. A written notice of expiration of redemption containing a like description of the amount due and making no mention of the separate sales and separate certificates was, on May 8, 1940, mailed to Victor Moynier, Bismarck, North Dakota, and F. D. Fitts, Long Beach, California. It appears from a certificate of the register of deeds of Burleigh county that the former was the record title owner and the latter a mortgage holder. There is no evidence that any notice was ever mailed to or otherwise served on anyone purporting to be a person in possession. The quarter section of land was assessed as one description and treated as a whole throughout all of these proceedings. There was no personal service of the notice of expiration of redemption upon anyone. No redemption being made, the county auditor issued to Burleigh county a tax deed dated October 1, 1940, and acknowledged by the county auditor before a notary public on November 12, 1940. This deed was recorded in the office of register of deeds on December 4, 1940. The contract for deed between the plaintiff and the county is dated November 19, acknowledged by the chairman of the Board of County Commissioners on December 9 and by the plaintiff on December 12, all in the year 1940.

There is little dispute regarding the foregoing facts, however, the evidence is conflicting upon the question as to who was in possession of the land at the time the notice of expiration of redemption was served. On this point the trial court made the following findings of fact with which we agree: "After the court had made a memorandum decision the parties stipulated that the case be reopened for taking

further testimony relating to who was in possession. That evidence disclosed a loose arrangement between father and son. The son has been promised this land and has operated it and managed it for years but has never had the legal title conveyed to him. The soil conservation program has been carried on in the name of Victor Moynier, but the money received by the father through the program for that tract has been paid to the son. Neither party live on the land. The land has been idle under the program for the last two years. The son manages the farm belonging to his father and farms the same. The father (Defendant) does not actively farm. All farm work and management is by the son. The son testified that he knew nothing of this tax notice of expiration of redemption and that if he had known he was able and would have redeemed before sale." There remains one further question of fact and upon that we differ with the trial court. The court found that the county auditor increased the valuation without notice to Moynier. According to the record before us the Board of County Commissioners on July 24, 1931 resolved itself into the County Board of Equalization. This was done in accordance with the provisions of § 2138, ND Comp Laws 1913. The original minutes of that meeting are not before us. The parties stipulated regarding those minutes that "It appeared that there is no record in said minutes of any change in the valuations of real property in the township where the land in question is located from the valuation as left by the assessor. The record does not even show no change." It appears from the testimony of the present county auditor that the defendant Moynier was a member of the Board of County Commissioners and was present and acted at the meeting of the County Board of Equalization. A motion was there unanimously passed "that the assessor's figures for townships and villages be accepted as corrected by the Board of Equalization." The county auditor's record of "real property assessments for the year 1931" shows that the assessed valuation of the property wherein involved was raised by the amount of $110. This record discloses that the value fixed by the town Board of Equalization was $1,360 while "total value as equalized by County Board" is entered as $1,470. Moynier contends that since the minutes of the County Board are silent as to any change the county auditor must have arbitrarily raised the valuation without authority. We cannot agree with this contention.

The county auditor was secretary of the County Board of Equalization. Even though the minutes of the Board are silent the auditor's record of real property assessments shows the total value as equalized by the County Board to be $1,470. The record in this case is silent with reference to other lands in the township. All entries were made by a predecessor of the present county auditor. He, therefore, was unable to explain the records. The person who made the entries did not testify. Moynier, who was a member of the County Board of Equalization, offered no testimony on this point although he testified as to other matters. While the record before us is somewhat inconclusive, it does not support the contctnion that the county auditor violated his duty and arbitrarily added $110 to the assessed valuation of this property.

Moynier contends that the assessment is invalid and that there could have been no valid sale for these reasons:

1. That the assessors' return was not verified.

2. That the record of the township Board of Equalization was not signed or certified to.

3. That the school district in which the land was located failed to make a budget for the year 1931.

4. That the quarter section of land was listed throughout all proceedings as a unit without separation into legal subdivisions and therefore improperly described.

It appears that the land was regularly advertised and sold at tax sale on December 13, 1932. Thus, the attack comes after the sale was held and the tax certificates issued. Section 2193, ND Comp Laws 1913 provides: "Such certificates shall in all cases be prima facie evidence that all requirements of law with respect to the sale have been duly complied with, and that the grantee named therein is entitled to a deed therefor after the time of redemption has expired; and no sale shall be set aside or held invalid, unless the party objecting to the same shall prove either that the property upon which the tax was levied was not subject to taxation, or that the taxes were paid prior to such sale, or that notice of such sale as required by law was not given; or that the piece or parcel of land was not offered at said sale to the bidder who would pay the amount for which the piece or parcel was to be sold, in which cases, but in no other, the court may set aside the sale or reduce the amount of taxes upon such land, rendering judgment accord-

ingly." The land was subject to taxation. It is not contended that the taxes were paid thereon prior to sale. It is now too late to raise the first three objections above noted. Unless the defects complained of are specified in the statute or are beyond the power of the legislature to remedy they may not be asserted after certificates of sale have been issued. These defects do not come within either category. State Finance Co. v. Mather, 15 ND 386, 109 NW 350, 17 Ann Cas 1112; Nind v. Myers, 15 ND 400, 109 NW 335, 8 LRA(NS) 157; Beggs v. Paine, 15 ND 436, 109 NW 322; Munroe v. Donovan, 31 ND 228, 153 NW 461; Baird v. Zahl, 58 ND 388, 226 NW 549.

The fourth objection deals with the adequacy of the description. It is argued that the rule applied in Power v. Larabee, 2 ND 141, 49 NW 724 and Power v. Bowdle, 3 ND 107, 54 NW 404, 21 LRA 328, 44 Am St Rep 511, should be applied in this case and that the description of the land being insufficient there could have been no valid assessment. In these two cases the court found that a description consisting of an abbreviation such as "N. W." followed by a number such as "4" was not sufficient to describe a fractional part of a section as the "Northwest quarter." In the later case of Beggs v. Paine, 15 ND 436, 109 NW 322, supra, this court, while not overruling these two decisions, definitely stated that "we are not disposed to extend the ruling in those cases to cases not within the express terms of those decisions."

The description now before us describes land as

$$NW\frac{1}{4} \qquad \begin{array}{l} S.\ 14 \\ T.139 \\ R.\ 79 \\ A.160 \end{array}$$

The case of Wright v. Jones as reported in 23 ND 191 would seem to extend the rule in the Power Cases so as to render the above description insufficient. There is an error in printing the description in the North Dakota Report wherein it is set out as N.W.$\frac{1}{4}$. We have examined the original signed opinion on file in the office of the clerk of this court and find the description involved in that case to be "NW4" which discloses the same defect as that which appeared in the Power Cases above cited. Wright v. Jones is correctly reported in 135 NW 1120.

The description used in describing the land involved in this case is one frequently found in many legal documents and records. It could mislead no one and could apply only to the land belonging to the defendant Moynier. We hold it to be sufficient.

The further argument that the land should have been described, assessed and sold in smaller subdivisions than the quarter section is also wholly without merit. A quarter section consisting of 160 acres is a legal subdivision. It contains legal subdivisions of smaller area. We find no law and none has been cited indicating that the lands contained in a legal subdivision of 160 acres must be assessed in smaller subdivisions where the property belongs to one owner and is occupied as a unit. Moreover, it does not appear that the defendant Moynier made any objection to the assessment of this property as a unit.

We have considered all of the contentions set forth by Moynier that might affect the validity of the tax sale held on December 13, 1932, and find that they are either without merit or are such that they cannot be successfully urged after the issuance of tax sales certificates. ND Comp Laws 1913, § 2193.

After the property was sold at the two tax sales, and a certificate was issued to the county on each sale the right of redemption from each sale remained until cut off in the manner prescribed by statute. Redemption from a tax sale may be made by any person or corporation having an interest in the land. ND Session Laws 1931, chap 298. The manner in which the right of redemption is terminated is prescribed by chapter 235, ND Session Laws 1939. This is the statute under which the county operated in attempting to terminate the right of redemption. Its applicability here has not been challenged. Moynier does urge, however, that the statute has not been followed.

Chapter 235, ND Session Laws 1939, requires publication of a notice of the expiration of the period of redemption. This publication was made on July 30, 1940, which complies with the statute as to time. The notice is in the form prescribed by statute; the description of the land is in the form that we have just determined to be sufficient and the property is listed under the name of Victor Moynier who, according to the certificate of the register of deeds of Burleigh county, was the owner. We find the publication to be in accordance with the provisions of the statute.

We now turn to the service of the notice. Section 2 of the statute requires,

"It shall be the duty of the county auditor on or before the first day of June of each year to give notice of the expiration of the period of redemption as to all tracts of real estate on which the period of redemption will expire on October 1st following. Such notice shall be given:

"First: To the record title owner. Second: To the person in possession thereof. Third: Such notice shall also be given to mortgagees, lien holders and other persons interested therein as may appear from the records of the register of deeds and clerk of the district court of said county.

"Notice of expiration of period of redemption shall be served by registered mail as hereinafter specified and in the manner prescribed. Such notice may contain any number of parcels of real estate which stand in the name of the same record title owner, shall contain the information indicated in the following form and may be substantially in the following form:"

The auditor's return shows that, on May 8, 1940, notice was served by mailing copies thereof by registered mail to Victor Moynier, Bismarck, North Dakota, the record title owner, and to F. D. Fitts, Long Beach, California. The latter, according to the certificate furnished by the register of deeds, is a mortgage holder. It is contended that the statute requires personal service on the owner and on the person in possession and that service by registered mail applies only to mortgagees, lien holders and other persons interested in the property. The error of this contention is clearly discovered upon reading subsection (a) of § 2 which provides that "Notice shall be sent by registered mail to the owner and to the occupant or tenant in possession, if any, and also to each mortgagee, lien holder or other person interested therein as may appear from the records of the office of register of deeds and clerk of the district court."

The next contention is that the record title owner, Victor Moynier, was not in possession of the premises but that they were in the possession of his son, Victor J. Moynier. The records in the county auditor's office are silent as to who may have been in possession. The statute clearly requires that notice shall be given to the person in possession.

.We have quoted from the trial court's findings on this point in connection with the statement of facts near the beginning of this opinion. While there is some testimony to the contrary we believe that the trial court's finding is substantially correct and that the son was a person in possession and entitled to notice of the expiration of redemption. The fact that the father may have, to some extent, participated in the management of this tract of land does not establish that the son was not in possession. The son generally managed and farmed the lands of his father who, it appears, was more in the nature of a bystander than an actual participant in these operations.

Under the provisions of §§ 1 and 2 of chapter 235, ND Session Laws 1939, the county does not acquire title until the required notice of expiration of the period of redemption has been given and has expired and the county auditor has issued a tax deed to the county. The right to redeem exists until title passes to the county. Afterward repurchase from the county may be made under § 19, chapter 286, ND Session Laws 1941. The county acquires no title until all of the steps required by the statute have been taken. In this case, service upon the son who was the person in possession of the land was omitted and the county failed to acquire title. Until the statutory notice is served upon all parties entitled thereto and the prescribed period has expired, the right of redemption remains as to all. G. F. Sanborn Co. v. Richter, 176 Mich 562, 142 NW 755; Otto v. Phillips, 250 Mich 546, 230 NW 940; Murphy v. Hatter, 227 Iowa 1286, 290 NW 695.

It is also urged that the notice of redemption was insufficient because the amounts due on the two certificates of sale were merged into a single amount in the notice of redemption. This contention also appears to be well founded. There were two separate sales from each of which a separate right of redemption existed. The notice of redemption must be sent to all persons interested in the property including lienors and mortgagors. While the owner may be under equal obligations to redeem from the separate sales, other interested parties may have rights inferior to the general taxes but superior to the hail taxes. It follows that a notice of redemption which states the amount necessary to redeem as the total sum due on both certificates and makes no reference to the separate sales, certificates or respective amounts due thereon, is

an insufficient notice and is not effective to terminate the right of redemption.

We have reached the conclusion that while the tax sale certificates issued by the county auditor of Burleigh county on December 13, 1932, are valid, subsequent proceedings were ineffectual to terminate the rights of redemption of the owner and other parties interested in the property. Title has not vested in Burleigh county. It could not make a valid contract of sale with the plaintiff. The judgment of the district court is affirmed.

BURR, Ch. J., and BURKE and NUESSLE, JJ., concur.

CHRISTIANSON, J. (concurring specially). I concur in the opinion prepared by Judge Morris. The tax deed issued to the county is clearly invalid. No notice of expiration of the period of redemption was given as required by law. There was no service of such notice as prescribed by the law in force when the tax sale was held in December 1932 (Laws 1927, chapter 266), or as prescribed by chapter 235, Laws 1939.