[File No. 6931]

LOUISE BUMANN and ELIZABETH KEEHN, Respondents, v. BURLEIGH COUNTY, a Public Corporation, Guaranty Security Company, a Domestic Corporation; and All Other Persons Unknown, Claiming Any Interest or Estate in, or Lien or Encumbrance upon the Property Described in the Complaint,

and

W. H. BROWN, Appellant.

(18 NW(2d) 10)

Opinion filed March 1, 1945. Rehearing denied April 5, 1945

*L. J. Wehe,* for appellant.

*C. F. Kelsch,* for respondents.

*J. A. Hyland,* Assistant State's Attorney, for defendant county.

BURR, J.   Louise Bumann, claiming to be the owner of the land, seeks to quiet title to the SE $\frac{1}{4}$ of Sec. 22, Twp. 142, R. 78, in Burleigh County, against the county claiming a tax deed thereto, and W. H. Brown claiming under a contract of sale made with the county.

Plaintiff's chain of title is as follows: One McCullough received the land from the United States government; he and his wife gave a mortgage thereon; the mortgage was assigned to George Schneider, Sr., in 1916 and recorded; Schneider gave a power of attorney to Messrs. Kelsch & Higgins to foreclose this mortgage and showed his address

as Sweetbriar, Morton County; this was recorded in March, 1931; the mortgage was foreclosed and a sheriff's certificate of sale issued in June, 1931, to Schneider, showing his address as Sweetbriar; this was recorded in June, 1931; Schneider died July 10, 1932, and his estate was probated in Morton County; letters testamentary were issued to C. F. Kelsch as executor of the will; in 1935 C. F. Kelsch as executor received a sheriff's deed on the foreclosure; in the settlement of the estate of Schneider, under the provisions of the will, the land was decreed to Elizabeth Keehn in March, 1936; in addition thereto the executor on April 3, 1936, executed and delivered to her a quitclaim deed to the land; and on January 16, 1942, Elizabeth Keehn, then residing in Canada, gave a quitclaim deed to the land to the plaintiff, her sister. Hence, unless this chain is broken by the tax deed, title should be quieted in her.

The land involved was sold in December, 1930, for non-payment of taxes and was bought by Burleigh County. A tax sale certificate was issued and no redemption was made. The Register of Deeds certified the Guaranty Security Company was the record owner of the land. On May 16, 1940, the county auditor issued notice of the expiration of the period of redemption. This was served on the Guaranty Security Company, and a notice was published in a newspaper. Thereafter the tax deed was issued to the county on October 1, 1940, and filed for record on February 27, 1941. On December 1, 1941, the county having an offer of purchase, the auditor sent "a notice of tax sale" by registered mail to the Guaranty Security Company, showing the premises had "been, conditionally, sold for the delinquent taxes, interest. . . . That such sale will be held in abeyance . . . but . . . if no redemption is made during said . . . thirty days the said sale will be final" and that the payment of $415.14 would be required to effect a redemption. No redemption was made, and in January, 1942, the county and the appellant entered into this contract of sale. Thus, the title is either in the plaintiff, or in the county holding for W. H. Brown.

In her complaint, Louise Bumann made a direct attack on the tax deed and under the provisions of § 21, chap 286 of Sess Laws of 1941, being § 57-4510 of the Rev. Code of 1943, deposited with the court $415.00 for the benefit of Brown. She made this deposit voluntarily,

before any order to that effect was made by the Court. At the beginning of the trial, defendant Brown made a demand for a deposit and the Court made an order that the amount deposited be held by the Clerk.

The defendant county filed a separate answer as did the defendant Brown, and the Guaranty Company defaulted. The gist of these answers is the invalidity of plaintiff's deed and the validity of this tax deed. The trial court found for the plaintiff and Brown appeals. So far as the deposit is concerned, we need not discuss the same except as to the portion, if any, that should be paid to Brown.

In its findings, the trial court, among other things, found that Elizabeth Keehn was "the absolute owner in fee simple . . . and is entitled to the possession thereof for the use and benefit of the plaintiff Louise Bumann, as against all of the above named defendants . . . ." But in Finding Number 8, the court found "That the quitclaim deed . . . executed and delivered by the plaintiff Elizabeth Keehn . . . to the plaintiff Louise Bumann . . . is in all things binding and valid between the parties thereto." In addition, the court concluded the tax deed was "void for want of a substantial compliance with the requirement of the statute." The conclusions determine also the disposition of the deposit.

There are but three controlling issues, despite the numerous and vigorously argued specifications of error: The right of the plaintiff to maintain the action; the validity of the tax deed; and the amount that should be paid to Brown out of the deposit if the judgment be reversed.

Appellant argues: "Plaintiff Louise Bumann has no title right to question tax deed proceedings." He attacks the quitclaim deed plaintiff received, urging: "That the record shows said deed is void, against the defendant W. H. Brown, who was an innocent purchaser of the premises, before the issuing of her deed, under contract for deed, dated January 3, 1943, (2) . . . and has been in possession of the premises since that date, and that the County took title to said premises by tax deed . . . which tax deed was recorded on February 27, 1941, and took possession of said premises under said tax deed . . . ." A great deal of appellant's brief is devoted to this proposition. Another attack is that Elizabeth Keehn is the real party in interest—not

the plaintiff—and that the conditions under which the deed was executed and delivered show that plaintiff was a mere agent of her sister to sell the land.

The theory of innocent purchaser is not involved in this case, even though appellant had his contract and went into possession before plaintiff got this unrecorded quitclaim deed. Brown's right comes from a source entirely different from that of the plaintiff. He did not get any right from the same source. If he has an interest that ripens into a deed, it is "a new and complete title in the land, under an independent grant from the sovereign authority." Baird v. Stubbins, 58 ND 351, 226 NW 529, 65 ALR 1009.

As we show in this case cited, there is no privity between the record owner of real estate and the grantee in a tax deed. "A valid tax deed clothes the grantee with a new and complete title in the land, under an independent grant from the sovereign authority" and he is not "a subsequent purchaser in good faith and for a valuable consideration" under our statutes, which make provision for the recording of deeds, as he does not derive his title from the same grantor as the plaintiff herein.

The record shows the foreclosure. Mrs. Keehn was the one to whom the property was decreed under the will; and she executed a deed to the plaintiff. Our statute (§ 5511, Comp. Laws 1913, being § 47–1001 of the Rev. Code of 1943) provides that "An estate in real property other than an estate at will or for a term not exceeding one year, can be transferred only by operation of law or *by an instrument in writing, subscribed by the party disposing of the same  . . . .*" This section was § 622 of the Civil Code of 1877 and has remained unchanged. To be "subscribed" and delivered is sufficient to convey title. It need not be acknowledged. This quitclaim deed recites that by the indenture Keehn does "grant, bargain, sell, release and quit-claim" these premises to Louise Bumann. In the case of Croak v. Witteman, recently decided ante, 592, 17 NW(2d) 542, we dwell on the effect of these so-called quitclaim deeds. The deed involved in the case at bar was subscribed and delivered and thus conveyed the entire interest of Mrs. Keehn in the land to Mrs. Bumann, though not acknowledged as required by our law in order to entitle it to be recorded, nor witnessed by two witnesses. The fact that the deed may not have been acknowledged

has no bearing in this case. As pointed out in Evenson v. Webster, 3 SD 382, 53 NW 747, 44 Am St Rep 802, a quitclaim deed conveys title if the land sought to be conveyed is such that the description is clearly specified and indicates the transfer of the grantor's rights. "No particular form for a conveyance is prescribed ·by the statutes of this state other than a short form, which it is provided may be used." The Supreme Court of South Dakota was construing §§ 622 and 624 of the 1877 Code, being §§ 3245 and 3247 of the Territorial Compilation of 1887, which are identical with §§ 5511 and 5516 of our Comp. Laws. of 1913. Section 5511 of our Comp. Laws of 1913 is identical with § 3245 of the Terr. Comp. in force when the South Dakota decision was rendered. The "short form" to which the South Dakota Supreme Court referred is § 624 of the Civil Code of 1877, 3247 of the 1887 Terr. Comp., and is found in § 5516 of the Comp. Laws of 1913, being § 47–1006 of the Rev. Code of 1943. Clearly, the deed which Mrs. Keehn gave to Mrs. Bumann is a valid transfer of her interest in the land to plaintiff. The appellant cannot question her interest therein granted.

Much argument is devoted to the proposition that there is testimony tending to show the plaintiff received this deed under an understanding or agreement of some kind with her sister that if she sold the land the benefits, or some of the benefits, would accrue to her sister in Canada. We need not consider this point. The grantor made a delivery to the grantee of a deed that states the grantee was "to have and to hold forever subject to" outstanding taxes. Therefore upon delivery the title passed immediately to plaintiff "notwithstanding any intention or understanding that its operation be delayed until the happening of a contingency," and notwithstanding any contention by appellant that this created a conditional delivery. Section 5497, Comp. Laws 1913, § 47–0907, Rev. Code of 1943, states:

"A grant cannot be delivered to the grantee conditionally. Delivery to him or to his agent as such is necessarily absolute; and the instrument takes effect thereupon, discharged of any condition on which the delivery was made."

The record shows clearly that Mrs. Keehn mailed the deed to her grantee "intending to part with all authority and dominion over the

instrument." So far as the defendant is concerned, this deed is a good conveyance of all of Mrs. Keehn's interest. See McMillen v. Chamberland, 71 ND 65, 76, 298 NW 767, 772; Keefe v. Fitzgerald, 69 ND 481, 482, 288 NW 213.

A great deal of the transcript and of Appellant's Brief deals with his vigorous averment that the deed from Mrs. Keehn to Mrs. Bumann was void and that Mrs. Keehn was the real party in interest. At the trial, this was insisted upon at great length and so toward the close of the case the plaintiff moved the court to permit an amendment of the summons and the complaint "to conform to the proof" by the bringing in of Mrs. Keehn as party plaintiff. The court allowed the motion over objection, and the summons and the complaint were amended. But it is claimed there was no service of the amended papers as required by law and that the defendant Brown was entitled to thirty days in which to answer the complaint. Numerous objections were made and various orders followed.

We need not concern ourselves with the specifications of error covering these points. Mrs. Keehn was not a necessary party. She did not seek to intervene, nor did appellant ask to have her interpleaded. There is no showing of any knowledge of these proceedings on her part or that she consented to them.

The claim of the appellant that Mrs. Keehn was the real party in interest is unfounded. The court allowed this barren procedure but it did not in any way injure the defendant nor prejudice his case. The motion of the plaintiff was made upon the insistence of the defendant that Mrs. Keehn was the real party in interest and counsel stated to the trial court: "I think, Your Honor, we ought to put an end to all of this 'horseplay.' The statute permits it. We are not asking to offer a single bit of testimony after the amendment is made. No further proof is required and no delay is incurred except upon his own request." On demand of the appellant we retry the issues on the record made in the lower court.

Brown's title rests upon the validity of the tax deed proceedings. The notice of expiration of the period of redemption was issued by the county auditor in May, 1940.

Heretofore we have shown chain of title to plaintiff through the mortgage foreclosure proceedings and the probate of the estate. George

Schneider, Sr., died in 1932. His will was admitted to probate, and letters testamentary issued to Mr. Kelsch. On August 5, 1935, a sheriff's deed was issued on the foreclosure proceedings to C. F. Kelsch "as executor of the estate of George Schneider, Sr.," but not recorded. The record shows the executor rented the land for farming purposes to W. J. Schimanske as tenant, by annual written leases covering the years 1935, 1936, 1937, the tenant paying $35.00 annually as rent. The tenant went into possession at once and he testified he remained in possession continuously as tenant from then on until October 1, 1940, at least, the day the tax deed was issued. In January, 1941, he got from the county a written lease of the land for farming purposes which lease ended November, 1941, and paid $10.00 as rent.

He testified he was in possession of the land under these arrangements during all of the times mentioned and never got any notice of the expiration of the period of redemption by mail or otherwise. There is no serious dispute of this testimony. He was still in possession when the county leased the land to him. The land was next to his, and he lived in his own house "about five rods across the road" from the land. These premises were fenced in and he was using them as pasture for his livestock. Thus, it is clear he was occupant and tenant in possession when the notice of expiration of the time of redemption was issued in May, 1940, and no notice was served upon him. The only party served or attempted to be served with notice was the Guaranty Security Company.

We have set forth the facts rather fully. The trial court found these to be the facts. The appellant does not concede them to be the facts, but he asks us to retry the case. On our review of the record, we find the facts as did the trial court with minor exceptions.

In the recent case of Schott v. Enander, ante, 352, 15 NW(2d) 303, we have shown that under the provisions of § 1, chap 235, Sess Laws of 1939, amending § 2202(3) of the Supp., it was the duty of the county auditor, upon giving notice of the expiration of the period of redemption as to all tracts of real estate bid in by the county, to have notice thereof served upon the person in possession of the land as well as giving notice to the record title owner. In this case cited and in the case at bar, the notices of expiration of the time of redemption were issued in the same month and year—May, 1940. In Anderson v. Roberts, 71

ND 345, 1 NW(2d) 338, the plaintiff claimed to be the owner of land acquired from the county by virtue of a contract of sale, the county claiming title under a tax deed. The attack was made on the notice of expiration of time of redemption, issued in June, 1940, the tax deed being taken in November, 1940. We held that among some of the fatal defects was the failure to serve the notice of expiration of time of redemption upon the one who was in possession of the land.

The failure to do so in this case at bar invalidated the deed and thus any interest which Brown has in the land is void, without reference to whether the deed to the plaintiff was on record or entitled to be recorded. Hence, we need not determine whether the Register of Deeds should have certified to the auditor that one George Schneider, Sr., of Sweetbriar, this state, had a certificate of sale of the land, so that notice could have been served on the executor.

The third proposition deals with the distribution of the $415.00 plaintiff deposited with the court. The trial court ordered that $283.79 be paid to the county. The defendant county has not appealed, nor has the plaintiff. Therefore, the disposition of this portion will not be reviewed. It does not affect the appellant. The only question in which the appellant is concerned is the amount to be awarded to him. The court allowed him $131.21.

Much is said with reference to the amount which appellant had paid on the contract up to the time of the commencement of the action. He claims the record shows he had paid two hundred dollars down on the contract, was to make ten annual payments and that he had made a payment of $31.21; so that he was entitled to receive $231.31 out of the deposit. It is true that some of the records showed at one time the defendant had made an initial payment to the county of $200.00 on this land, but an error arose over the fact the defendant had bought two quarter sections of land—the one involved herein and one that had no connection with it. He made a payment of $200.00, but $100.00 was to be applied on each quarter. The original record in the auditor's office was entered by mistake, the record of this case shows. Instead of crediting Brown with $100.00 on each quarter, the auditor had credited him with $200.00 on this quarter; but thereafter the mistake was discovered and corrected and at the time of trial the county auditor showed that the initial payment was but $100.00. The trial court

found defendant Brown was entitled to the initial payment of $100.00 which he had made on this quarter and the first annual payment of $31.21. This was correct.

Without going into the numerous objections made by appellant when testimony was offered, or as to the rulings thereon, it is sufficient to say no prejudicial error was committed and when we come to the determination of these three basic issues set forth, the situation as found by the trial court is correct and therefore the judgment is affirmed.

NUESSLE, BURKE and MORRIS, JJ., concur.

CHRISTIANSON, Ch. J. (concurring specially) I concur in an affirmance of the judgment and in the principles stated in the syllabus. I do not, however, agree with all that is said in the opinion prepared by Judge Burr relating to the deposit made by the plaintiff. I do not believe that such deposit was required by § 21, chapter 286, Laws 1941, or that that section applies to an action brought to set aside a tax deed that has been executed and delivered to the county.