Mary E. TARNOVSKY, also known as Mary E. Tarnavsky, Plaintiff and Respondent,

v.

SECURITY STATE BANK OF KILLDEER et al., Defendants,

and

James Warren and Fred Berger, Defendants and Appellants.

No. 7571.

Supreme Court of North Dakota.

July 3, 1956.

John F. Mullaney and W. A. Jacobsen, Watford City, for defendants and appellants.

Helen L. Arildson, Watford City, and Walter O. Burk, Williston, for plaintiff and respondent.

JOHNSON, Judge.

This is an action to quiet title, commenced by the plaintiff on February 24, 1954, covering the following property:

The East Half of the Southeast Quarter (E½SE¼) Section 34, and the Northwest Quarter of the South- west Quarter (NW¼SW¼) and Lot 2 of Section 35, Township 148 North of Range 99 West of the 5th P.M.

The plaintiff acquired the property at public sale by contract for deed from McKenzie County, North Dakota, dated November 18, 1941. She paid the contract price in full and received county deed November 2, 1943. Her deed was recorded November 18, 1943. The contract appears valid on its face. McKenzie County acquired the property by auditor's tax deed, dated October 1, 1940.

The defendants, James Warren and Fred Berger, answered the complaint. Fred Berger is the son of the first marriage of Elizabeth Warren, deceased. James Warren is a son of her second marriage. All the defendants except the two mentioned defaulted in the action.

The answering defendants assert that they have certain estates or interests in the real property involved in the action which they claim are prior and superior to those of the plaintiff. They further allege that Elizabeth Warren, their mother, now deceased, obtained title to the property involved on November 8, 1928; that she died intestate; that the proceedings of McKenzie County (apparently referring to the tax title proceedings) are insufficient in detail and that jurisdictional defects exist in the acquisition of title obtained by the county; that the plaintiff has been in possession of the premises "in recent years" without their permission or consent, or that of any other person authorized to grant the use and occupation thereof. The defendants pray judgment for the value of the use and occupation of the land; that the claim of the plaintiff be declared null and void and that she be perpetually restrained and enjoined from setting up or claiming any title to the premises and that the defendants be declared to be the owners and entitled to the possession.

The District Court determined that the plaintiff was the owner of the premises involved; that the tax title taken by McKenzie County, North Dakota, was in all things valid, or that in any event the plaintiff had made such reasonable use of the

premises under color of title for a period of ten years, accompanied by payment of all taxes, as to constitute adverse possession thereof. The defendants have appealed to this court and request a trial de novo.

The facts in this case are singularly free from dispute. From the evidence presented it would appear that the defendants were attempting to show that the plaintiff's possession of the land was not sufficient to constitute adverse possession under the terms of Section 47–0603 NDRC 1943, which was in effect when the plaintiff took possession of the premises in 1941. The defendants attempted to show that the possession of the plaintiff was merely constructive. Grandin v. Gardiner, N.D., 63 N.W.2d 128, and authorities cited therein. The defendants also attempted to show that in the year 1940, when the tax title to the property was taken by McKenzie County, North Dakota, one Charles Becker, was in possession of the premises or occupying at least a part of them.

It is undisputed that if Charles Becker was in fact occupying the premises, either as a tenant or otherwise, he was not served with notice of expiration of the period of redemption. The main burden of the argument of the appellants, both orally and in their brief, is an attack upon the validity of the tax title in McKenzie County, North Dakota, based on the failure of the county to serve Charles Becker.

It is undisputed that Elizabeth Warren, now deceased, obtained a United States Patent to the real property on November 8, 1928. This patent was not recorded in the office of the register of deeds of McKenzie County, North Dakota, until December 22, 1952. So far as the records in that office were concerned, the land had no owner when McKenzie County acquired tax deed thereto.

The notice of the expiration of the period of redemption is dated May 10, 1940. The procedure applicable to acquisition of tax title by the county was, therefore, governed by the terms of Chapter 235 of the 1939 Session Laws. Under that statute, § 1(3) (a), it is required that the notice of expiration of the period of redemption, "shall be sent by registered mail to the owner and to the occupant or tenant in possession, if any * * *". Under the terms of this statute a county does not acquire title to real property under tax deed proceedings until the prescribed notice of expiration of period of redemption has been published and served upon all parties entitled to redeem in the manner prescribed by the statute. Failure to serve the tenant or occupant of the land invalidates the tax title. Anderson v. Roberts, 71 N.D. 345, 1 N.W.2d 338; Schott v. Enander, 73 N.D. 352, 15 N.W.2d 303; Bumann v. Burleigh County, 73 N.D. 655, 18 N.W.2d 10; Mayer v. Ranum, 75 N.D. 548, 30 N.W.2d 608.

Although the trial court found as a fact that at the time of the tax deed proceedings in 1940 there was no tenant on the land, and that the testimony of the county auditor showed he made a search of the record to determine whether or not there was a tenant on the land, and that after such search and inquiry he became convinced that there was no tenant or occupant on the land at the time the tax proceedings were taken and instituted in 1940, the evidence upon this point is somewhat in conflict and unsatisfactory. There are indications in the evidence that Charles Becker may have occupied at least a part of the premises involved in this action, off and on, during the year 1940. He had leased the land in 1929. He had put a "shack" on the land. During the years 1934 to 1939 he worked at a CCC camp located near this land. If he occupied this "shack" intermittently during the year 1940, the evidence also indicates that he may have grazed horses on the land.

When the plaintiff bought the land the shack was still there. She made a claim to it. In 1947 the shack was destroyed by

the flood waters of the Little Missouri River. The evidence upon the occupancy, or possible occupancy, of the premises by Charles Becker, at the time of the tax deed proceedings is indefinite and inconclusive. If Charles Becker was an occupant of the premises within the meaning of Chapter 235 of the 1939 Session Laws, he should have been served with the notice of the expiration of the period of redemption. It, however, becomes unnecessary for us to determine whether the findings of the trial court in this connection are correct.

■ Under Section 47–0603 NDRC 1943, the statute then in effect, but since amended (see Section 47–0603 NDRC 1953 Supp.), when the plaintiff purchased the property involved in the case at bar, adverse possession was based on (1) color of title to the real property, vested in a person, (2) who shall have been in actual, open, adverse and undisputed possession of the land under such title for a period of ten years, and (3) payment of all taxes and assessments legally levied thereon. If these prerequisites exist at the end of the period provided by the statute, the title becomes valid in law. Power v. Kitching, 10 N.D. 254, 86 N.W. 737, 88 Am.St.Rep. 691; Stiles v. Granger, 17 N.D. 502, 117 N.W. 777; Woolfolk v. Albrecht, 22 N.D. 36, 133 N.W. 310.

■ The ten year period is to be reckoned from the time the adverse possession begins, and not from the time the first payment of taxes is made. Schauble v. Schulz, 8 Cir., 137 F. 389, 69 C.C.A. 581.

Assuming, without deciding, that the tax title might be defective, the question for determination here is whether the essential requirements of the statute, enumerated above, exist under the facts and circumstances involved in this case.

■ The plaintiff had color of title. Robertson v. Brown, 75 N.D. 109, 25 N.W. 2d 781; McGee v. Stokes' Heirs at Law, N.D., 76 N.W.2d 145. It is undisputed that the plaintiff paid all the taxes on this land from the time of its purchase to the date of trial.

We will now examine the nature of the possession of this land by the plaintiff.

The plaintiff and her husband have grazed livestock on the land ever since the plaintiff bought it. In 1943 some of the land was plowed and fenced. The same year or possibly a year later, the plaintiff built a cattle corral on the land. In 1943, the plaintiff, through her husband, put in some flax on the land. The acreage so seeded produced a crop of 23 bushels to the acre. The land was leased either in 1943 or 1944 to one Ben Bey. Some alfalfa was seeded on the land. The plaintiff participated under the Triple-A program. Eventually the land was cleared of brush, to some extent, and crops seeded when the land was not flooded. The purpose of clearing the land was to make it fit for irrigation. The plaintiff, through her husband, paid approximately $200 for breaking some of the land in 1943. Later the plaintiff and her husband paid $903 to the McKenzie County Grazing Association for clearing some of the land of brush. No one ever attempted to interfere with the farming operations of the plaintiff. It is unnecessary to further detail the evidence as to the plaintiff's possession of this land.

The trial court found as a fact:

"That Mary E. Tarnovsky entered into the possession of said lands under color of title, being Contract for Deed dated November 18, 1941 (Plaintiff's Exhibit Number "2") and the County Deed dated November 2, 1943 (Plaintiff's Exhibit Number "3") and ever since has been, and now is, in actual open adverse and undisputed possession of said land under such color of title for a period of more than ten years, and has paid all taxes and assessments legally levied thereon, and has cultivated and improved and fenced said land."

This finding is amply supported by the evidence.

The plaintiff had not only constructive possession, but also actual possession. It was hostile, continuous, actual, open, undisputed and adverse. The acts of the plaintiff and her husband, who acted as her agent with reference to the land, show plainly her dominion over it under a claim of ownership.

■ James Warren admitted receiving the notice of the expiration of the period of redemption. He frequently went by the land in getting to the McKenzie County Grazing Association pasture. This land was inside the big pasture. He noticed the activities upon the land and testified to some of them. Neither he, nor his half-brother, Fred Berger, made any effort to get possession of the land, nor did they challenge the plaintiff's right of possession or ownership thereof until they served answer in this action. See Stiles v. Granger, supra. The plaintiff was in actual possession of the land for over 12 years before the commencement of this action. She was in possession thereof for over 11 years from the time that a part of the land was first cultivated.

In Gale v. Shillock, 4 Dak. 182, 29 N.W. 661, it was held:

"When one enters upon land under color of title by deed, his possession is deemed to extend to the bounds described in the deed, and such possession is sufficient to put any one claim-ing or seeking an interest in the land upon inquiry." (Syllabus 6.)

In the opinion, with reference to this holding, the court said:

"It was decided in Ellicott v. Pearl, 10 Pet. [412], 432, [9 L.Ed. 475] and there stated to be a well-settled rule of that court, that, when one enters under color of title by deed, his possession is deemed to extend to the bounds described in the deed, although his actual settlement and improvements were on a small parcel only of the tract."

This case was affirmed in Smith v. Gale, 144 U.S. 509, 12 S.Ct. 674, 36 L.Ed. 521.

Although only a portion of the land involved in this action was cultivated whenever possible from 1943 on, the plaintiff claimed possession of all the land covered by her deed. The uncultivated part of the land was not held or claimed adversely by anybody else. See Smith v. Gale, supra.

■ All the elements of adverse possession set forth under Section 47-0603 NDRC 1943 exist in the action at bar. If the tax title in the county was defective, which we do not decide, nevertheless the title of the plaintiff has become valid in law.

The judgment of the trial court is affirmed.

BURKE, C. J., and SATHRE, MORRIS and GRIMSON, JJ., concur.