BOARDMAN *v.* BOOZEWINKEL.

1. APPEAL—EVIDENCE—HARMLESS ERROR.
   A judgment will not be reversed for the erroneous admission of testimony where there was other uncontradicted evidence sufficient to justify the findings of the court.

2. TAX SALES—TITLE OF PURCHASER—CERTIFICATE OF SALE—EJECTMENT—DEFENSES.
   Title does not pass to a purchaser at a tax sale until he obtains a deed; hence a certificate of sale cannot be set up as a defense to an action of ejectment.

3. SAME—AFTER-ACQUIRED TITLE.
   Nor can a deed issued on such certificate after the commencement of suit be set up as such defense.

4. SAME—QUITCLAIM DEED.
   A quitclaim deed by the holder of a tax certificate operates merely as an assignment of the certificate, and gives the assignee no greater right than had the assignor.

5. SAME—PURCHASE BY MORTGAGEE'S ATTORNEY.
   A purchase of mortgaged premises at a tax sale by the attorney for the mortgagee in foreclosure proceedings will be presumed to have been made in the interest of the mortgagee, and to have amounted merely to a redemption.

Error to Kent; Adsit, J. Submitted June 7, 1899. Decided September 19, 1899.

Ejectment by Mary L. Boardman against William Boozewinkel and wife. From a judgment for plaintiff, defendants bring error. Affirmed.

This case was tried by the court without a jury, and the following findings made:

"1. Francis D. Boardman became the owner in fee simple, by *mesne* conveyances from the United States, of the N. E. ¼ of the S. W. ¼ of section 18, township 7 north, of range 11 west, Kent county, Michigan, on December 8, 1852.

"2. This land was sold by the sheriff of Kent county, on execution against said Francis D. Boardman and in favor of Julius C. Dennison, to said Dennison, December 18, 1863. Said Dennison conveyed a part of said land to Charles W. Taylor, and said Taylor conveyed the same to Adolphus L. Skinner.

"3. Said Skinner platted the land he thus purchased into blocks, lots, and streets, April 26, 1873, as A. L. Skinner's addition to the city of Grand Rapids. That portion containing the land described in plaintiff's declaration was platted as block 7.

"4. November 1, 1877, said Skinner and wife gave a mortgage to Henry W. Hinsdale, as administrator of the estate of Henry A. Kerr, deceased, for $3,500, on said block 7, excepting 50 feet off the north side and east end. Said mortgage was duly assigned to Amelia Kerr, as executrix of the estate of said Henry A. Kerr, deceased, December 18, 1879. Said mortgage was afterwards duly foreclosed, and the land sold by virtue of the foreclosure decree to said Amelia Kerr, as such executrix, March 24, 1881. Edwin F. Uhl was attorney for the said Kerr estate at the time of the foreclosure of the said mortgage, and also at the time he bid in the premises covered by said mortgage at tax sale for the taxes of 1880.

"5. The land described in the last preceding paragraph was conveyed by said executrix to Edmund M. Barnard December 30, 1889.

"6. Said Barnard conveyed an undivided half interest in the same land to Sybrant Wesselius January 13, 1890.

"7. The same land was platted by said Barnard and Wesselius, as Barnard & Wesselius' subdivision in the city of Grand Rapids, March 22, 1890, and the land described in plaintiff's declaration was platted as lot 24 of said subdivision.

"8. Said lot 24 was conveyed by said Barnard to said Wesselius May 7, 1890, and by said Wesselius and wife to defendants September 22, 1894.

"9. Said plaintiff, Mary L. Boardman, was married to said Francis D. Boardman August 15, 1839, and they lived together as husband and wife in Grand Rapids, Michigan, from 1850 to July 28, 1882.

"10. Said Francis D. Boardman died at Grand Rapids, Michigan, July 28, 1882.

"11. Plaintiff is now living, and was 79 years of age at the time of the commencement of this suit and the demand of her dower interest in said land.

"12. Defendants were occupying said lot 24 under their deed from said Wesselius and wife at the time this suit was commenced, and when demand of dower was made upon them, and they still occupy the same.

"13. The value of the entire 40 acres of land sold on said execution sale at the time of said sale was $10,000. The value of that portion of said 40 acres in issue in this suit, being said lot 24, at the time of said execution sale, was $60. Since said sale the said 40 acres has been platted into streets and lots. Had it been so platted at the time of said execution sale, the value of said lot 24 would have been $150.

"14. Demand was made of said defendants, on behalf of said plaintiff, for her dower rights in said premises, prior to the commencement of this suit, which demand was refused.

"Conclusions of Law.

"1. Plaintiff had a dower right in said lot 24, as widow of Francis D. Boardman, deceased, at the time demand was made and at the time this suit was begun, and still has such dower right, which should be assigned to her.

"2. Owing to the condition of the land described, it is considered that it will be to the best interests of both parties to this suit that said dower be assigned in money, and it is so adjudged and decreed by this court.

"3. The present value of said dower interest of said plaintiff, together with damages for the detention of her dower in said lot 24, is $4.10.

"4. Plaintiff is therefore entitled to a judgment against said defendants for $4.10, and costs of suit to be taxed. Let judgment be entered accordingly."

*S. Wesselius* and *W. Hubert Wood,* for appellants.

*C. H. Gleason* (*A. Lowell,* of counsel), for appellee.

Grant, C. J. (*after stating the facts*). 1. Some questions are raised as to the admissibility of evidence, but we find no prejudicial error in the rulings of the court. Aside from the testimony claimed to have been improperly admitted, the evidence uncontradicted and unimpeached is ample to sustain the findings of fact. In such case the judgment will not be disturbed by the appellate court.

2. Defendants sought to rely upon a tax title. When this suit was commenced no deed had been issued upon the tax sale. A deed was issued by the auditor general, just before the trial, to Edwin F. Uhl, who had held a certificate of sale for some years. Until the purchaser at a tax sale obtains a deed, no title passes to him. He cannot maintain an action to quiet his tax title, or set it up as a defense against the original owner. Cooley, Tax'n (1st Ed.), 352; Blackw. Tax Titles (5th Ed.), § 958; Black, Tax Titles (2d Ed.), §§ 312, 324, 412; *People* v. *Hammond*, 1 Doug. (Mich.) 276; *Busch* v. *Nester*, 62 Mich. 381; *Irving* v. *Brownell*, 11 Ill. 402; *Hewitt* v. *Week*, 59 Wis. 444. The quitclaim deed made by Uhl to Barnard January 13, 1890, operated only as an assignment of the tax certificate, and gave Barnard no greater right than Uhl had. *Nitz* v. *Bolton*, 71 Mich. 388. Mr. Uhl, at the time he bid the land in at the tax sale, was the solicitor for Mrs. Kerr in the foreclosure proceedings. Evidently he did this in the interest of his client, and there is no evidence to show that he claims the title. This purchase amounted to a redemption from the sale, and cannot be considered as an independent title. *Richards* v. *Richards*, 75 Mich. 408; *Defreese* v. *Lake*, 109 Mich. 415 (32 L. R. A. 744, 63 Am. St. Rep. 584). Plaintiff had never parted with her dower right, and had done nothing to estop her to make the claim.

Judgment affirmed.

The other Justices concurred.