STATE EX REL. WELCH and others, Respondents, vs. CHATTERTON, Village Clerk, and others, Appellants, and three other cases.

*November 5, 1941—February 10, 1942.*

524

For the appellants there was a brief by *Spohn, Ross, Stevens & Lamb,* and oral argument by *Francis Lamb* and *Edwin C. Pick,* all of Madison.

For the respondents there were briefs by *Roberts, Roe & Boardman* of Madison, and oral argument by *W. Wade Boardman.*

The following opinion was filed December 2, 1941:

FAIRCHILD, J.   The sufficiency of the allegations in stating a cause of action depends upon the necessity of appellants doing things admittedly left undone and that depends upon which of two statutes is applicable to vacation proceedings which affect a highway which enters and serves several communities.   Appellants admit that in the proceedings taken no attempt was made to comply with ch. 80, Stats., and that they placed their reliance solely on sec. 61.38, Stats., as a guide.   No notice was given to those whose property was outside of the portion proposed to be vacated even though it abutted on the remainder of the highway.   The trial court concluded, as we

do, that all the respondents were entitled to be heard and that the pleadings state a cause of action.

The decision upon this appeal depends on whether the village board in vacating this highway is limited and governed by sec. 61.38, Stats., which deals with discontinuance of streets in a village or by sec. 80.12, which concerns discontinuance of a highway "extending from a town to a city or village." It is apparent that the legislature contemplated the existence of a village street "pure and simple," as in a class by itself and roads extending over boundary lines as in another class. The highway in question falls in the second class. A part of it is in a village but it extends across the village boundary to a town.

In dealing with joint town-village highways the law provides that whenever it shall be deemed necessary to discontinue such a highway or any part thereof, proceedings therefor may be had under sec. 80.11, Stats. Neither that section nor sec. 80.12, was followed by appellants because they assumed this was a village street completely under the jurisdiction of the village. The proceedings by appellant under sec. 61.38 are seriously challenged on the ground that there was no compliance with the provisions of that section which require that in vacation proceedings a petition must be signed by "owners of more than one half of the frontage of the lots and lands abutting on that portion of the remainder thereof, which lies within two thousand six hundred and fifty feet from the ends of the portion proposed to be discontinued." The further point is made that appellants failed to comply with the requirements of notice and timeliness of final action and that the adjournments taken by the board were illegal.

There were owners of property within the limit prescribed by sec. 61.38, Stats. No notice was given them. Appellants attempt to justify this failure on the ground that the words "remainder thereof" mean remainder in the village and that

if the portion sought to be vacated goes up to the boundary of the village, the consent of those living outside the village limits is not essential.

Just how to give full scope and meaning to that phrase "remainder thereof, which lies within two thousand six hundred and fifty feet from the ends of the portion proposed to be discontinued" may present an interesting question. That section provides for proceedings to discontinue a "road, street, slip, pier, lane or alley," and undoubtedly there may be such lanes, alleys, or streets so completely within the jurisdiction of an incorporated village as to give the village complete control but this is not such a case. The questions presented by this appeal are answered when it is found that the highway, a portion of which is sought to be discontinued, is one extending over a municipal boundary from a town to a village. In view of the conclusion that the proceedings here relate to a continuous highway between two separate political communities, secs. 80.11 and 80.12, Stats., are held to be the controlling law upon the subject. And the proceedings taken, so far as affected by sec. 61.38, need be no further pursued. While the terms of sec. 80.11 refer to actions by towns, it has been made applicable to villages as well as to towns by sec. 61.68.

The respondents Welches and McCabes live in towns adjoining the appellant village and have alleged their use of the highway both to and from their work, the park, and the school. The respondent towns have made valuable contributions to the purchase of lands now used as a park and the residents of these towns use this highway to reach that park. Under the law governing proceedings in a case of this kind we are of the opinion that the interest of the respondents disclosed by the pleadings is such that they may be heard as to the legality of the acts by which appellants propose to close a highway of such convenience to respondents as to amount to a practical necessity.

*By the Court.*—Orders affirmed, and cause remanded for further proceedings according to law.

A motion for a rehearing was denied, with $25 costs in òne case only, on February 10, 1942.