STATE EX REL. ANDERTON, Appellant, vs. SOMMERS, County Treasurer, and others, Respondents.

*February 9—March 9, 1943.*

For the appellant there were briefs by *Miller, Mack & Fairchild,* by *Paul R. Newcomb* and *Claude J. Hendricks,* all of Milwaukee, and oral argument by *Mr. Newcomb* and *Mr. Hendricks.*

For the respondent C. M. Sommers there was a brief by *Herbert J. Steffes,* district attorney, *O. L. O'Boyle,* corporation counsel, *C. Stanley Perry,* assistant corporation counsel, and oral argument by *Mr. Perry.*

For the respondents Alle J. Kaufer and Ethel Kaufer there was a brief by *Shea & Hoyt,* attorneys, and *Ralph M. Hoyt* of counsel, all of Milwaukee, and oral argument by *Ralph M. Hoyt.*

FRITZ, J.   On this appeal from a judgment quashing a writ of *certiorari* to review a determination made, under sec. 75.01 (1), Stats., by the respondent C. M. Sommers, treasurer of Milwaukee county, as to what proportion of delinquent taxes on a two and one-half-acre parcel of land is chargeable to a portion thereof sought to be redeemed from the taxes, it suffices to note the following facts alleged in the petition of the relator, Charles E. Anderton, and admitted by respondents' motions to quash.   In the years 1933 to 1939 Anderton owned an undivided one-half interest in a parcel of two and one-half acres of land which was taxed as a whole; and he duly paid one half of the taxes annually assessed against that parcel.

The owner of the other undivided one-half interest failed to pay the other half of the taxes and because of that delinquency an undivided one half of the parcel was sold for taxes in the years 1934 to 1940 to Milwaukee county, which still holds the certificates therefor. In 1939, there was a voluntary partition of the two and one-half-acre parcel by Anderton conveying his interest in the south one half thereof to the respondent Bertha Parker, who had acquired the other undivided one-half interest in the land; and by her conveying her interest in the north one half thereof to him. His conveyance to her was made subject to taxes assessed against the undivided one-half interest acquired by Parker, but except as to such taxes he warranted the land conveyed by him to be free of all incumbrances; and in Parker's conveyance she warranted the premises thereby conveyed to Anderton to be free of all incumbrances, except as to taxes assessed against his undivided one-half interest therein. On December 7, 1940, the easterly portion,—measuring one hundred fifty feet along the north line,—of the south one half of the two and one-half-acre parcel was conveyed to the respondents Alle J. Kaufer and wife by Parker; and she, on December 13, 1940, made an application to Sommers, as county treasurer, in which she stated she was willing to redeem in whole or in part taxes which appear on the tax-sales record for the years 1933 to 1939, inclusive, and requested a division of those taxes on three parcels, viz., (1) the easterly one hundred fifty feet of the south one half; (2) all except the easterly one hundred fifty feet of that south one half; and (3) the north one half of the original two and one-half-acre tract. On December 14, 1940, pursuant to that application, but without any notice thereof being first given to Anderton, Sommers divided, on the basis of valuations stated in an affidavit of the village assessor, the delinquent taxes and penalties, amounting to $5,488.76, equally between the north one half and the south one half of the two and one-half-acre parcel, and then determined that the proportion thereof

chargeable (1) to such north one half was $2,744.88, (2) to the easterly part of the south one half, deeded to the Kaufers, was $1,317.34, and (3) to the westerly part of the south one half, retained by Parker, was $1,426.94. She paid the sum thus apportioned to the part conveyed to the Kaufers; but did not pay the amount apportioned to the part retained by her. Sommers, by a letter dated December 16, 1940, and addressed to Anderton at his residence in Florida, advised him of the action taken and inclosed a memorandum bill of the amount apportioned against his north one half of the original two and one-half-acre parcel.

Parker in applying, as the owner of but a portion of the two and one-half-acre parcel of land, which was sold for taxes as a whole, to have a determination made by Sommers as to the proportion of the delinquent taxes chargeable to the respective portions thereof owned by Parker, Anderton, and the Kaufers, and likewise Sommers, in making that determination, considered such application and determination authorized under sec. 75.01 (1), Stats., and particularly the provision therein which reads:

"provided, that when an application is made to the county treasurer to redeem from any tax sale any part or portion of any lot or parcel of land which was sold for taxes as a whole, but which is owned in severalty, said treasurer . . . may ascertain . . . the true proportion of taxes chargeable to the part or portion sought to be redeemed. . . ."

In construing the term "in severalty," which is in that provision, this court said in *State ex rel. Dorst v. Sommers,* 234 Wis. 302, 310, 291 N. W. 523,—

"The part of sec. 75.01 (1), Stats., which provides that the treasurer upon a request for partial redemption 'may ascertain by affidavits or by actual view the true proportion of taxes chargeable to the part or portion sought to be redeemed' applies to land owned in severalty. The respondent contends that ownership in 'severalty' means ownership by more than

one person. The appellants claim 'severalty' ownership means single ownership, as contrasted to tenancy in common and joint tenancy. The definition of an estate in severalty given in 2 Bouv. Law Dict., Rawle's Third Revision, page 3055, is: 'An estate which is held by the tenant in his own right only, without any other being joined or connected with him in point of interest during the continuance of his estate.' The meaning of the word when used with reference to ownership of property is well settled and is contrary to the view of the respondent."

The definition and meaning thus held applicable to the term "in severalty," as used in the clause "which is owned in severalty" in sec. 75.01 (1), Stats., is in accord with the well-settled meaning of that term in the law (Blackstone's Com., Book II, ch. XII, p. 179; 1 Washburn, Real Property (5th ed.), p. 675, sec. 1; 4 Thompson, Real Property, p. 309, sec. 1770; 31 C. J. S. p. 31, sec. 17) ; and the evident sense in which it is used in also the provision in sec. 230.43, Stats., that,—

"Estates, in respect to the number and connection of their owners, are divided into estates *in severalty,* in joint tenancy and in common. . . ."

Under the provision in sec. 75.01 (1), Stats., quoted above, it is only when a *"parcel of land* which was sold for taxes *as a whole,"* is likewise a parcel of land "which *is owned in severalty,"—i. e.,* held by one person in his own right only, without any other being joined or connected with him in point of interest during the continuance of his estate in the land which was sold for taxes as a whole,—that the treasurer is authorized to ascertain, upon an application to redeem, "the true proportion of taxes chargeable to the part or portion sought to be redeemed." As it is undisputed that, when Parker applied to have Sommers determine the proportion of taxes chargeable to the portion, which she desired to redeem, of the two and one-half-acre parcel of land which was sold for taxes as a whole, the land so sold was not land "which is owned in

severalty," within the meaning of that term in the statute as construed in *State ex rel. Dorst v. Sommers, supra,* it follows that the determination made by Sommers was not authorized under the statute and was therefore made without jurisdiction and, consequently, void.

Moreover, even if such an apportionment had been authorized by statute under the circumstances herein, a determination thereof by the treasurer, without giving due notice of the application therefor and affording an opportunity to be heard to all who, as owners of any part or interest in the land would be directly affected by such determination, would be invalid in view of the rule that when a proceeding directly affects the property of a person, he is deemed so specially interested in the proceeding as to be entitled to notice under the constitutional guaranty of due process of law.   As Mr. Justice Fowler said in *State ex rel. Dorst v. Sommers, supra* (p. 314),—

". . . when a parcel of the tract has been sold the purchaser of that part becomes interested in how much of the total tax on the tract is left by redemption of the remaining or any part of the land a lien on the parcel owned by him.   Or if the purchaser wishes to redeem the parcel he has purchased, the original owner of the whole tract is likewise interested.   The less that is paid by the redemption of a part the more is left to be paid by the owner or owners of the remainder."

Consequently, there is applicable, in relation to all such owners, the rule that,—

"Whether the proceedings relate to liberty or property, in the technical sense, and be of a strictly judicial nature, or to mere privilege, immunity, status, or anything else of value, which commonly are of a *quasi*-judicial nature, incidental to or as a part of administrative authority, and reviewable by courts as to jurisdictional matters, or, of a purely ministerial nature where the thing is a mere creature of the law granted upon condition of being so dealt with, due process of law pervades and rules them all." *Ekern v. McGovern,* 154 Wis. 157,

240, 142 N. W. 595; *State ex rel. Milwaukee Medical College v. Chittenden,* 127 Wis. 468, 107 N. W. 500.

Likewise, as the respondents Alle J. Kaufer and wife were owners of a portion of the land in question at the time of the apportionment of the taxes, they were proper,—even if not technically necessary,—parties to the *certiorari* proceedings, and as such were entitled to be heard on the issues raised by the motions to quash the writ. Sec. 260.11, Stats.; 14 C. J. S. p. 206, sec. 60; *State ex rel. Welch v. Chatterton,* 239 Wis. 523, 528, 300 N. W. 922; *State ex rel. Augusta v. Losby,* 115 Wis. 57, 60, 90 N. W. 188.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment declaring and providing that the proceedings and determination by C. M. Sommers, as treasurer of the county of Milwaukee, were without jurisdiction or authority, and are therefore vacated with costs to the relator.

WICKHEM, J. *(concurring).* I concur with the result upon the second ground assigned by the opinion, namely, that a determination by the treasurer, without giving due notice of the application therefor, and affording opportunity to be heard to owners of any part or interest in the land, is invalid as a denial of due process of law.