[File No. 6973]

R. J. SAILER, Respondent, v. MERCER COUNTY, a Public Corporation, and L. F. Temme, Appellants.

(26 NW2d 137)

124

Opinion filed February 8, 1947

*P. O. Sathre*, Assistant Attorney General, *Sullivan, Fleck & Higgins* and *Floyd B. Sperry*, for appellants.

*W. H. Esterly* and *C. F. Kelsch,* for respondent.

128

BURKE, J. This action concerns the title to two quarter sections of land in Mercer County. At the time of the commencement of the transactions which are important to this decision Elizabeth Braun owned a life estate in the land. The remainder was owned by her children, each male child being the owner of an undivided two elevenths interest and each female child an undivided one eleventh. The land was sold at tax sale and was purchased by Mercer County. On May 26, 1939, the county auditor issued notices of expiration of redemption from tax sale. The land was not redeemed and Mercer County received tax deeds to the land on March 1, 1940. Upon receiving its deeds, the county took possession of the land and rented it for the 1940 crop season. On November 1, 1940, R. J. Sailer, the plaintiff herein, received quitclaim deeds from Elizabeth Braun and Alexander Braun, her son, of all of their "right, title, interest, claim or demand in and to" such land. That year at its regular November sale of property acquired by tax deed, the county sold the land to L. F. Temme, one of the defendants in this action. Thereafter plaintiff brought this action, attacking the county's tax title, and the sale of the land to the defendant Temme. He demanded

judgment declaring such tax title and sale void and adjudging him to be the owner of the land. In their answer the defendants asserted the validity of the county's title and the sale to Temme and challenged the plaintiff's right to maintain his suit upon the ground that his deeds were champertous, that they were obtained by fraud and without consideration and that he was estopped from attacking the county's sale of the land to Temme by his conduct at that sale. Before the case was tried Elizabeth Braun died. Thereby the life estate terminated and the remainder vested as a present estate in her children and their grantees. As a result plaintiff's claim of title in the land was limited to the undivided two elevenths interest of his grantor Alexander Braun. The trial of the case proceeded upon this basis and after trial, judgment was entered quieting title in the plaintiff to an undivided two elevenths interest in the land. Defendants have appealed from the judgment and the case is here for a trial de novo.

First for decision are the questions which arise upon defendants' contention that plaintiff's deeds are void. They assert that they were obtained by fraud and without consideration and that they are champertous.

There is no contention by plaintiff's grantors that there was any fraud or want of consideration in their transactions with the plaintiff. They are not parties to the action, and as far as the record shows they are apparently satisfied with the deal they made. The contention is made by parties who were complete strangers to the transaction. It clearly is not available to them. Neither fraud nor want of consideration renders a deed absolutely void. Deeds so tainted are voidable at the instance of the grantor only. Nord v. Nord, 68 ND 560, 282 NW 507.

Were plaintiff's deeds champertous? Section 12-1714, Rev Code 1943, provides:

"Every person who buys or sells or in any manner procures, or makes or takes any promise or covenant to convey any pretended right or title to any lands or tenements, unless the grant-

or thereof or the person making such promise or covenant has been in possession, or he and those by whom he claims have been in possession of the same, or of the reversion and remainder thereof, or have taken the rents and profits thereof, for the space of one year before such grant, conveyance, sale, promise, or covenant is made, is guilty of a misdemeanor."

Deeds executed in violation of the provisions of this section are void as to persons in adverse possession. Galbraith v. Payne, 12 ND 164, 96 NW 258; Burke v. Scharf, 19 ND 227, 124 NW 79.

We are satisfied however, that plaintiff's deeds were not executed in violation of this statute. The statute expressly excepts from its provisions deeds to property by those who have been in possession of the . . . reversion and remainder thereof.

Here plaintiff's grantors owned only a remainder in the granted property. Defendants say that possession of a remainder alone is not sufficient to give rise to the exception. They contend that the statute requires possession of both a reversion and a remainder in the deeded property before the exception will arise. In making this contention defendants do not point out how an estate in real property can be at the same time a reversion and a remainder. By statutory definition, "a reversion is the residue of an estate left by operation of law in the grantor or his successors or in the successors of a testator commencing in possession on the determination of a particular estate granted or devised." Section 47–0409 Rev Code 1943. "When a future estate, other than a reversion, is dependent on a precedent estate, it may be called a remainder . . . ." Section 47–0410, Rev Code 1943. Thus by statute a future estate is a remainder only when it is not a reversion; it cannot be both at the same time. The legislature could not have intended to prescribe an impossibility as a condition of an exception. It must have intended the exception to arise when the grantor of property was in possession of either the reversion or the remainder thereof.

Claim is also made that plaintiff's deeds are tainted with champerty because at the time he purchased the deeds he also purchased assignments of rents from the owner of the life estate in

the property for the purpose of bringing suit thereon in violation of § 12–1719 Rev Code 1943. Conceding that the assignments of rents were taken in violation of law, they nevertheless could not affect the validity of deeds which are expressly excepted from the ban of the champerty statute and which convey an interest distinct from that held by the assignor. In this state the only ban upon conveyance of property in adverse possession of persons other than the grantor is the criminal statute. Unless that statute is violated there is no basis whatever for holding a deed void for champerty. Galbraith v. Payne, 12 ND 164, 96 NW 258.

Next for decision is the validity of the defendant Temme's tax title. It is urged that the title is void because (1) the notice of the expiration of redemption from tax sale was not served upon the tenant or person in possession of the premises, (2) that the amount stated in such notice as necessary to effect a redemption was substantially excessive, and (3) that said notice did not contain all the information required by statute.

The notice of expiration of the period of redemption is dated in May 1939. It was served in June 1939. The applicable statute in effect at that time was Chapter 266, Laws of ND 1927. Subsection (b) of § 3 of that act required "such notice shall be served personally upon the person, if any, in possession of said real estate." It is well settled in this state that compliance with the statutory requirement of service upon the person in possession is necessary to terminate the period of redemption from the tax sale. ˙Messer v. Henlein, 72 ND 63, 4 NW2d 587; Bumann v. Burleigh County, 73 ND 655, 18 NW2d 10; Anderson v. Roberts, 71 ND 345, 1 NW2d 338.

The record shows that in 1939, one tract of land had been leased to Fred Spier and the other to Fred Renner, Jr. In each case the tenant cultivated in the neighborhood of 145 acres and in the fall of the year paid a share of the crop to Elizabeth Braun, the life tenant. There are no buildings upon either tract. Such occupancy is sufficient to constitute the tenant, "the person in possession." Schott v. Enander, 73 ND 352, 15 NW2d 303. Anderson v. Roberts, 71 ND 345, 1 NW2d 338, supra. Neither

Spier nor Renner was served with notice of expiration of the period of redemption. Such failure is fatal to the county's title. Schott v. Enander (ND) and Anderson v. Roberts (ND) both supra. Since the county's deeds are void for this reason there is no need to examine the other grounds of attack.

The defendant, Temme, contends however, that the plaintiff is estopped from attacking his title by reason of his conduct at the county's sale of lands acquired by tax title. Both the defendant, Temme, and the plaintiff attended the sale. At that time plaintiff had the deeds upon which this action is founded. He allowed the defendant, Temme, to buy the land in question without informing him of his adverse claim. The claim of estoppel is predicated upon plaintiff's silence. In support of his contention defendant cites the decision of this court in Branthover v. Monarch Elevator Co. 33 ND 454, 156 NW 927, wherein we held that a person who claimed a thresher's lien upon grain and stood by silently while the owner sold the grain, was estopped from asserting his lien against the purchaser. This case is similar to the instant case in minor respects only. It dealt with an unfiled lien upon personal property. Here real property is involved. All the records with respect to the tax title to that property were on file in the office of the County Auditor. Whatever title defendant, Temme, would acquire by purchase at the county's sale depended upon the validity of the county's title without regard to any deeds which may have been made by the tax debtor. In Werner v. Werner, 74 ND 565, 23 NW2d 757, we said, "an essential element of equitable estoppel is a representation which may consist of words, acts or silence, believed or relied upon by the party claiming the benefit of the estoppel which induced him to act or refrain from acting, to his prejudice." Tested by this rule, the circumstances of this case are insufficient to create an estoppel. If the defendant, Temme, relied upon anything at the time he purchased the land in question, it was upon the validity of the county's tax title. The fact that plaintiff had deeds to the same land and remained silent about them could not legally affect that title in any way.

In addition to quieting title in the plaintiff to an undivided

two-elevenths interest in each of the described tracts, the judgment also decreed that plaintiff might redeem the entire tracts from the tax sale and that he should receive as a credit upon such redemption rentals collected by the county in the sum of $493.61. It is claimed that this part of the decree is erroneous, first because plaintiff's right to redeem exists only to the extent of his interest in the property and accordingly he may redeem only his two-elevenths interest, and second, because the amount allowed by the court as a credit upon such redemption is excessive.

The right of redemption is governed by statute. Section 57–2602, Rev Code 1943, provides:

"Redemption from tax sale may be made by: 1. Any person or corporation having an interest in the real estate sold, whether such interest existed at the time of sale or was acquired thereafter; or

2. . . . ."

Clearly if this statute were the only legislation upon the subject there could be no question of plaintiff's right to redeem the entire tract. There would be serious question as to his right to make redemption of his undivided interest. The general rule, in the absence of a specific statute, appears to be that the owner of interest in real property has the right to redeem but if he seeks to exercise that right he may be required to redeem the whole property. 51 Am Jur 960–963 Taxation; Curl v. Watson, 25 Iowa 35, 95 Am Dec 763, and note; Smith v. Hughes, 135 Okla 296, 275 P 628, 65 ALR 573; State ex rel. Anderton v. Sommers, 242 Wis 484, 8 NW2d 263, 145 ALR 1324; 4 Cooley, Taxation 4th ed §§ 1565 and 1566. This state however, has a specific statute upon the subject. Section 57–2605, Rev Code 1943 provides: "Any person who has or claims an interest in or lien upon an undivided share of any piece or parcel of land sold may redeem such undivided share of such land by paying to the county treasurer an amount proportionate to the amount required to redeem the whole of such land, . . . ."

The defendants say that the statute dealing specifically with the redemption of undivided interests is exclusive, that it must be construed as an exception to the provisions of the general

statute and that the owner of an undivided interest may therefore redeem only that interest and no more. This contention cannot be sustained. Both reason and the rules of statutory construction dictate otherwise. Section 1–0207, Rev Code 1943, provides: "Whenever a general provision in a statute shall be in conflict with a special provision in the same or in another statute, the two shall be construed, if possible, so that effect may be given to both provisions, but if the conflict between the two provisions is irreconcilable, the special provision shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest legislative intent that such general provision shall prevail."

In this case there is no need to say that the special provision must prevail over the general for the two provisions do not conflict in any manner. Each may be given full effect without in any way limiting the effect of the other. Furthermore, it is reasonable that the legislature should grant alternate rights of redemption to owners of partial undivided interests in real property. The general statute gives only the right to make a complete redemption. Under such a statute many partial interests might be lost because of inability of the owner to make a full redemption. On the other hand there are good reasons why the right to make a partial redemption under the special statute should not bar an owner of a partial interest from paying the amount required for a full redemption if he wishes so to do.

Is plaintiff entitled to any credit upon the amount required to redeem? The title confirmed in this action gives him no such right. His right to possession under that title did not commence until after the county had parted with possession and its claim of title to the land. He claims the right to a credit by reason of the assignment of rents he purchased from Elizabeth Braun, the owner of the life estate. This assignment was executed on November 1, 1940. It is clear from the record that no rents for the property in dispute were due Mrs. Braun at that time or became due to her thereafter. The assignment therefore transferred nothing to the plaintiff. It is apparently plaintiff's understand-

ing that Mrs. Braun's assignment operated to assign the rents paid to the county by its tenants during the time the county was in possession of the disputed property. That is not the case. There was no privity of contract between Mrs. Braun and the county or between Mrs. Braun and the county's tenants. As the person rightfully entitled to possession she was entitled not to what the county agreed to accept as rent, but the reasonable value of the use and occupation of the premises. Section 32–0321 Rev Code 1943. There is nothing in the record before us which indicates that either Mrs. Braun or her personal representatives have ever parted with that right. The plaintiff is therefore not entitled to a credit of the rent collected by the county, upon the redemption price. As modified by this opinion the judgment of the district court is affirmed.

NUESSLE, BURR and MORRIS, JJ., concur.

CHRISTIANSON, Ch. J. (concurring specially). I concur in the principles stated in paragraphs 1, 2, 3, 4, 5, 6, 7, 8 and 10 of the syllabus and in those portions of the opinion prepared by Judge Burke relating to and covered by such paragraphs of the syllabus. But I have doubt as to the correctness of the rule announced in paragraph 9 of the syllabus and am not prepared to concur therein or in that portion of the opinion relating to and covered by said paragraph 9 of the syllabus. The general rule stated in paragraph 9 of the syllabus is one of importance and its effect such that "I think it desirable to state the questions that make me doubt." Justice Holmes, Ruddy v. Rossi, 248 US 107, 63 L ed 151, 39 S Ct 46, 8 ALR 843.

The lands involved in this action were sold at tax sale and purchased by the defendant Mercer County. No redemption was made and on March 1, 1940 tax deeds were issued to Mercer County. Thereafter, the lands were advertised for sale at the regular annual sale of lands acquired by tax deed required to be held, and held, by the county in November, 1940. ND Rev Code 1943, § 57–2818. At such sale the lands were sold to the defendant Temme.

There is no contention and no claim that the lands were not subject to taxation or that the taxes levied against the lands were not in every respect valid or that there was any defect in the tax sale. There is no claim that the provisions of the law were not fully complied with up to the time of the issuance and the service of the notice of the expiration of the period of redemption. The invalidity of the tax deed resulting from the want of legal notice of expiration of time of redemption of course does not affect the validity of the taxes, the tax sale or the tax sale certificates. Fish v. France, 71 ND 499, 2 NW2d 537.

The statute pursuant to which the defendant Temme purchased the land from the county provides for a sale for cash or for part cash and the balance in installments, and that if the sale is for part cash the county shall give the purchaser a contract for deed setting forth the terms of the sale. It further provides that upon payment of the purchase price in cash, or the payment of all installments with interest "the county shall execute and deliver to the purchaser a deed conveying to him all *right, title and interest* of the county in and to such property." ND Rev Code 1943, § 57–2815.

The sale to the defendant Temme was for part cash and the balance in installments. The county executed and delivered to him a contract for deed whereby it sold and agreed to convey to him "by deed conveying all right, title and interest" of the county in and to the premises as of the date of the contract upon the prompt and full performance by the purchaser Temme of the agreement and the payment in full of the balance of the purchase price with interest according to the terms of the contract. The undisputed evidence is to the effect that Temme has performed his part of the contract and has made all payments stipulated therein to be made up to the time of the trial. The agreement between the county and Temme is not voided because the deed to the county is invalid for want of legal notice of expiration of the period of redemption. The law does not provide that the county shall agree to convey a valid title in fee simple. It provides that the county shall agree to convey and that it shall convey only "all right, title and interest of the

county in and to such property." ND Rev Code 1943, § 57–2815. The deed which Temme will be entitled to receive from the county upon payment of the balance of the payments stipulated in the contract will operate as a transfer to him of all the interest, right and title which the county had by virtue of and in the tax sale certificates, including the one upon which the invalid tax deed purported to have been issued. McKenzie v. Boynton, 19 ND 531, 125 NW 1059; ND Rev Code 1943, § 32–3103. See also Boardman v. Boozewinkel, 121 Mich 320, 80 NW 37; Leavitt v. Bell, 55 Neb 57, 75 NW 524; Christian v. Lockhart, 31 NM 331, 245 P 249.

A purchaser from the county acquires certain contract rights to all the "right, title and interest" of a county and where, as here, the tax deed to the county is invalid for want of legal notice of expiration of the period of redemption, the right, title and interest of the purchaser to and under the tax sale certificates may not be defeated by redemption except by one who under the terms of the law has a right to redeem.

It is undisputed that the plaintiff, Sailer, is the owner of a two-elevenths interest in fee simple in the land in controversy, and no more. The laws of this state specifically provide:

"Any person who has or claims an interest in or lien upon an undivided share of any piece or parcel of land sold may redeem such undivided share of such land by paying to the county treasurer an amount proportionate to the amount required to redeem the whole of such land, and in such case the certificate of redemption shall recite the estate or interest redeemed. *Such partial redemption shall be made only upon compliance with the provisions of chapter 25 of this title.*" ND Rev Code 1943, § 57–2605.

Section 57–2605, Rev Code of 1943, was originally enacted as § 22, Chapter 67, Laws 1897, . . . (it was also enacted as § 85, Chapter 126, Laws 1897) and this section, and in fact most of the provisions of said Chapter 67, were taken from the Laws of the State of Minnesota. (See Emmons County v. Thompson, 9 ND at p 605, 84 NW 385). Statutes of Minnesota 1878, Ch 11, § 92. Long before the provision was adopted in this state, the

Supreme Court of Minnesota held that "the owner of an undivided interest cannot redeem the whole, but only his own estate." 2 Blackwell, Tax Titles 5th ed § 721. See Goodrich v. Florer, 27 Minn 100, 6 NW 452.

The provision remained in force in this state as originally enacted without substantial change until the enactment of the Revised Code of 1943. Then there was added the final sentence in said § 57–2605 which I have italicized. According to the sentence so added an undivided share may be redeemed only pursuant to an application like that prescribed by the preceding Chapter 25 where a person seeks to redeem a specific part of a larger tract that has been sold for taxes.

The plaintiff owns only a two-elevenths share. He has no property right in the remaining nine-elevenths. His property rights will be fully protected by redeeming the two-elevenths share which he owns. The statute specifically grants him the right to redeem such share. He is under no duty and under no compulsion to redeem the shares of other owners, or to make payment other than of the amount required to redeem the share which he owns. The general rule is that "no one can be entitled to go farther in redemption than may be necessary under the law for the protection of his interest." 4 Cooley, Taxation 4th ed pp 3082, 3083. And that seems to be the policy of our laws. ND Rev Code 1943, §§ 57–2501, 57–2602, 57–2604, 57–2605. As the question is one of importance, and as I have difficulty in understanding how under the laws of this state the plaintiff can have any "interest in the real estate" which will entitle him "to go farther in redemption" than to redeem the share which he owns, "I think it worth while to mention my misgivings, if only to show that they have been considered and are not shared." Ruddy v. Rossi, 248 US 111, 63 L ed 153, 39 S Ct 46, 8 ALR 843.