RAY A. SUNDET, Corporation Counsel La Crosse County
You ask whether towns with village powers possess statutory authority to unilaterally vacate streets in recorded subdivision plats. In my opinion, the answer is no.
Answering your question requires determining whether a town exercising village powers pursuant to section 60.22(3), Stats., can discontinue a street in a recorded subdivision in a town under sections 61.36 and 66.296, despite the fact that specific authority to take such action is granted to counties under section 236.445. Furthermore, it must be determined whether the exercise of such powers would conflict with section 80.02 which relates to towns and town boards.
Under section 60.22(3), if authorized at a town meeting, a town board "may exercise powers relating to villages and conferred on village boards under ch. 61, except those powers which conflictwith statutes relating to towns and town boards." "Except as otherwise provided by law," village boards receive a general grant of power to manage their streets under section 61.34(1). Under section 61.36, village boards are given general authority to "lay out, open, change, widen or extend . . . and improve, repair or discontinue" streets and other public grounds. However, specific authority and procedures by which village boards and most cities are to discontinue streets is provided under section 66.296, which states in pertinent part:
 (1) The whole or any part of any road, street, slip, pier, lane or alley, in any city of the second, third or fourth class or in any incorporated village, may be discontinued by the common council or village board upon the written petition *Page 78 
of the owners of all the frontage of the lots and lands abutting upon the portion thereof sought to be discontinued, and of the owners of more than one-third of the frontage of the lots and lands abutting on that portion of the remainder thereof which lies within 2,650 feet of the ends of the portion to be discontinued, or lies within so much of that 2,650 feet as shall be within the corporate limits of the city or village . . . .
 (2)(a) As an alternative, proceedings covered by this section may be initiated by the common council or village board by the introduction of a resolution declaring that since the public interest requires it, the whole or any part of any road, street, slip, pier, lane or alley in the city or village is thereby vacated and discontinued.
Section 80.02, which is applicable to towns, provides in part as follows:
 Town highways; petition to lay, alter or discontinue. When 6 or more resident freeholders wish to have a highway laid out, widened, altered or discontinued in their town, they may make application in writing to the supervisors of said town for that purpose . . . . No town board shall discontinue any part of a state trunk or county trunk highway, nor discontinue any highway when such discontinuance would deprive the owner of lands of access therefrom to a highway.
The term highway can include all public ways and thoroughfares.See section 990.01(12). Special statutes apply to the vacation of highways on and across town lines, section 80.11, to highways on and across town and municipal boundaries, section 80.12, and to the vacation of unrecorded roads that are in the process of becoming public highways by user, section 80.32(1). *Page 79 
Counties receive specific authority to discontinue streets in recorded plats in towns under section 236.445, which provides as follows:
 Discontinuance of streets by county board. Any county board may alter or discontinue any street, slip or alley in any recorded plat in any town in such county, not within any city or village, in the same manner and with like effect as provided in s. 66.296.
A town board exercising village powers might contend that either section 61.36, alone, or sections 61.36 and 66.296, together, grant the authority to discontinue a street in a recorded subdivision. However, legislative history, precedent and cardinal rules of construction render such a contention erroneous. Moreover, a town board exercising village powers to discontinue such streets pursuant to sections 61.36 and 66.296 would necessarily create the type of conflict clearly prohibited by section 60.22(3).
A town board exercising village powers is not entitled to discontinue streets pursuant to section 61.36, which grants villages the general authority to take such action. The Legislature has separately provided villages the general grant of power to discontinue streets and the specific authority and procedures by which to do so since 1872. See ch. 188, section 64, Laws of 1872. The statute currently granting the general power, section 61.36, was previously enacted as section 61.69 in chapter 187, section 3, Laws of 1933, and then renumbered in chapter 205, sections 6 and 7, Laws of 1943. Just prior to 1933, the relevant language of section 61.36 granting general authority to discontinue village streets appeared in statutes listing general village board powers. See sec. 61.34(12), Stats. (1923-33).
Prior to the creation of section 66.296 in 1951, which provides villages and most cities specific authority and uniform procedures to discontinue streets, villages discontinued streets under section 61.38, Stats. (1923-49), which granted them specific authority and procedures to do so. See ch. 662, Laws of 1951. By *Page 80 
consistently providing distinct statutes on this matter, it is clear that the Legislature always intended that when villages discontinued streets, they were to take such action pursuant to a statute that specifically provided them the authority and procedures to do so, and not pursuant to a general grant of authority such as is now contained in section 61.36. A town exercising village powers should not be entitled to take action that a village would be unable to do.
Assuming, for the sake of argument, that there is actually a conflict in the statutes, the above interpretation of legislative intent wholly complies with the cardinal rule of statutory construction that specific statutes control over general statutes. Caldwell v. Percy, 105 Wis.2d 354, 375, 314 N.W.2d 135
(Ct.App. 1981); citing State v. Kruse, 101 Wis.2d 387, 393,305 N.W.2d 85 (1981). Moreover, the supreme court has indicated that when a street or road is discontinued the more specific statute must be employed where arguably two applicable statutes could apply. State ex rel. Welch v. Chatterton, 239 Wis. 523, 527-28,300 N.W. 922 (1941). In Chatterton, in fact, the supreme court invalidated the discontinuance of a street by a village under section 61.38, Stats. (1939) (predecessor of section 66.296) because the street vacated was also part of a road extending over a village-town boundary and such discontinuances were controlled by the more specific procedures provided in sections 80.11 and 80.12, Stats. (1939). Id. at 527-28.
The holding in Chatterton is inconsistent with a view that concurrent jurisdiction exists to discontinue streets in a recorded subdivision in towns for counties under section 236.445, and towns exercising village powers pursuant to sections 60.22(3) and 61.36. Because section 60.22(3) is a general statute permitting towns to exercise village powers and section 61.36 is a statute granting general authority to villages to discontinue streets, while section 236.445 is a specific statute permitting counties to vacate streets in recorded plats in towns, the rationale of Chatterton *Page 81 
indicates that section 236.445 is controlling to the exclusion of section 61.36.
Also, interpretations that render a statute superfluous should be avoided. Van Cleve v. Hemminger, 141 Wis.2d 543, 548,415 N.W.2d 571 (Ct.App. 1987), citing State v. Wachsmuth,73 Wis.2d 318, 324, 243 N.W.2d 410 (1976). To interpret section61.36 as sufficient to grant villages, and thus ultimately towns exercising village powers, the authority in question would render section 66.296 superfluous in that villages could then discontinue streets under either statute. More importantly, such an interpretation would allow discontinuances of streets without any procedures for doing so, obviously an unreasonable result. Statutes must be construed so as to avoid absurd and unreasonable results. DeMars v. LaPour, 123 Wis.2d 366, 372, 366 N.W.2d 891
(1985). Thus, it is clear that a town exercising village powers cannot discontinue a street in a recorded subdivision pursuant to section 61.36.
A town might argue that the general grant of authority to discontinue streets in section 61.36 necessarily implies the power to do so under section 66.296. Such a contention, however, would ignore section 236.445.
The Legislature specifically granted the authority to discontinue streets in a recorded subdivision in a town to counties under section 236.445. Chatterton and the rule that specific statutes control over general ones, again apply. Thus, a town exercising village powers cannot discontinue a street in a recorded subdivision pursuant to section 66.296, either.
Even absent all these arguments, allowing a town to utilize the provisions of sections 61.36 and 66.296 to discontinue streets in recorded subdivisions would create a conflict with section 80.02 which relates to the vacation of highways by town boards. Such a conflict is prohibited by section 60.22(3). *Page 82 
The Wisconsin Supreme Court has employed the following test in order to determine whether a conflict exists under section60.22(3):
 In order that there be a conflict it is not necessary that the plans oppose each other at every point. It is sufficient if they are fundamentally inconsistent. It may be contended that there is no conflict if only that part of sec. 905 which authorizes the village board to assess the entire cost of improvements to abutting property owners be considered as adopted. The difficulty with that contention is that the statute does not provide for two things but for one thing. If the powers enumerated in secs. 905 and 906 are exercised they conflict with the powers conferred upon towns, and the powers enumerated in secs. 905 and 906 are therefore not conferred upon towns by the adoption of a resolution under sub. (13), sec. 776, Stats. It makes no difference that in a particular instance the town board might not fully exercise the powers enumerated in said sections. The question is not whether a town board can exercise a part of the powers enumerated in such a way that there would be no conflict in a particular instance. The question is, Do the powers, if exercised, conflict? If they do, then the power is not conferred either in whole or in part.
Gertz v. Vaughn, 163 Wis. 557, 566, 158 N.W. 298 (1916).
In the absence of any more specific statute, towns vacate highways which, as defined by section 990.01(12), could include streets within their boundaries pursuant to the procedure contained in section 80.02. An application for discontinuance must be filed by six resident freeholders. 57 Op. Att'y Gen. 225 (1968). The application must describe the lands that will be benefited, injured or damaged by the proposed vacation. Sec. 80.02, Stats. Notice must be given by registered mail to all of the owners and occupants of record of land abutting the entire highway to the Department of Natural Resources and the county *Page 83 
land conservation committee. Sec. 80.05(2), Stats. A Class 2 notice must also be published. Sec. 80.05(2)(c), Stats.
In contrast, villages acting pursuant to section 61.36 must, as already noted, utilize the procedures contained in section 66.296. An application is not necessarily required; the village board may simply introduce a resolution. Sec. 66.296(2)(a), Stats. Where a written petition is filed, no minimum number of landowners is required, but all landowners along the area to be vacated, together with a minimum number of adjacent landowners, must sign the petition. Sec. 66.296(1), Stats. The notice must be served like a summons, rather than by registered mail, but only on those landowners abutting the portion to be vacated. Sec. 66.296(2)(a), Stats. The notice must be published as a Class 3, rather than a Class 2 notice. Sec. 66.296(5), Stats. And, if a certain number of objections is filed by landowners within 2,650 feet, the street may not be vacated. Sec. 66.296(2)(c), Stats.
If section 61.36 affords a town with village powers additional authority to vacate public roads and streets, then it necessarily permits a town to vacate such roads and streets under either section 80.02 or under section 66.296. However, under Gertz, because the vacation procedure contained in section 80.02 is radically different than that contained in section 66.296, the use of the latter procedure by a town conflicts with section 80.02 relating to town boards and is therefore impermissible under section 60.22(3).
Finally, statutes must be construed so as to avoid absurd and unreasonable results. DeMars, 123 Wis.2d at 372. For the sake of argument, if every objection noted above were ignored, there is still no statutory provision precluding a county from discontinuing streets in recorded subdivisions in towns with village powers. If a town with village powers could proceed pursuant to sections 61.36 and 66.296, it could discontinue a street despite a county's refusal to do so. Similarly, a county could discontinue such a street after a town with village powers had refused to do so. In such circumstances, developers and *Page 84 
landowners would inevitably engage in forum shopping, setting one unit of government against the other. More importantly, from a municipal planning standpoint, the exercise of such powers by both units of government would undoubtedly have deleterious implications by placing them at cross-purposes with each other. Such a result could not possibly have been intended by the Legislature.
Therefore, in summary, I conclude that towns exercising village powers pursuant to section 60.22(3) are not entitled to discontinue a street in a recorded subdivision under either sections 61.36 or 66.296. A town must request the county to proceed under sections 236.445 and 66.296, or initiate an action to alter the plat in the circuit court pursuant to sections236.40 through 236.43.
DJH *Page 85