James Smerz, Warren Hornik and Cheryl Hornik,
Plaintiffs-Appellants,

v.

Delafield Town Board, Defendant-Respondent.

Court of Appeals

No. 2010AP1186. Submitted on briefs January 11, 2011.
—Decided February 16, 2011.

2011 WI App 41

(Also reported in 796 N.W.2d 852.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Robert A. Mich, Jr.* of *Law Offices of Kay & Andersen, LLC*, Madison.

On behalf of the defendant-respondent, the cause was submitted on the brief of *John M. Bruce* of *Schober, Schober & Mitchell, S.C.*, New Berlin.

Before Brown, C.J., Anderson and Reilly, JJ.

¶ 1. BROWN, C.J. James Smerz, Warren Hornik, and Cheryl Hornik appeal from the dismissal of their lawsuit challenging the Delafield Town Board's discontinuation of two alley segments near their properties pursuant to WIS. STAT. § 66.1003(3) (2007–08).[1] The Town argues that Smerz[2] has no standing to challenge its § 66.1003 order because his property does not "abut" the discontinued alley portions, as required by § 66.1003(4)(d). Smerz contends that he does have standing under § 66.1003 and argues that the real issue is that the Town was required to proceed under WIS. STAT. ch. 236, which grants counties (but not towns) authority to vacate streets and alleys located in recorded plats. The Town responds that ch. 236 is one, but not the exclusive, avenue for action. We agree with the Town on both points and affirm. Although the parties each make several other arguments, Smerz's lack of standing makes it unnecessary to address them.

## FACTS

¶ 2. On April 27, 2008, several property owners in Delafield wrote a letter petitioning the Town to discontinue two portions of unpaved alley. The letter was signed by all of the property owners with land adjacent

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

[2] We will refer to all three appellants collectively as Smerz throughout this opinion.

to the alley portions they proposed to vacate. On June 24, 2008, the Town granted their petition and ordered the alley segments vacated as requested. The order listed WIS. STAT. § 66.1003 as its source of authority.

¶ 3.  On May 27, 2009, Smerz filed a declaratory judgment action alleging that the Town Board had wrongfully denied (by not responding to) his claim that the unpaved alleys should not be vacated. In a motion for summary judgment, he claimed that because the alleys were located within a recorded plat, they were subject to WIS. STAT. ch. 236, which does not give town boards authority to act. The Town responded by saying that WIS. STAT. § 66.1003, which does give town boards the authority to act, represents an alternative to ch. 236. It then filed its own summary judgment motion.

¶ 4.  At a hearing on January 20, 2010, the trial court asked both parties to address the issue of standing to challenge the order. After each party did so, the trial court granted summary judgment in favor of the Town, stating that it had the authority to act under WIS. STAT. § 66.1003 and that Smerz did not have standing to challenge its decision. Smerz appeals.

## DISCUSSION

¶ 5.  Our standard of review for summary judgment is well known. Using the same methodology as the trial court, we review its decision de novo. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 317, 401 N.W.2d 816 (1987). Summary judgment is only appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 315; WIS. STAT. § 802.08(2). In this case, the relevant facts—the location of the discontinued alleys and the properties of the appellants—are not in dispute. So, we

deal only with whether the Town was entitled to judgment as a matter of law. We will address the issue of standing first, and then address whether the Town was obligated to proceed under Wis. Stat. ch. 236 rather than Wis. Stat. § 66.1003.

## Standing

¶ 6. Our supreme court has outlined a two-part test for standing: first, whether the challenged action caused direct injury to the petitioner's interest and second, whether the interest affected was one recognized by law. *See Wisconsin's Envtl. Decade, Inc. v. Pub. Serv. Comm'n,* 69 Wis. 2d 1, 10, 230 N.W.2d 243 (1975). When standing to assert a claim for violation of a statute is in question, the court determines whether the party was injured and whether the asserted claim is within the zone of interests protected by the statute. *Cook v. Public Storage, Inc.,* 2008 WI App 155, ¶ 30, 314 Wis. 2d 426, 761 N.W.2d 645. Smerz asserts that he has standing based on his use of the vacated alley segments as extra parking and storage. While this arguably meets the first prong of the test, it falls short on the second.

¶ 7. Since we hold that Wis. Stat. § 66.1003 is applicable, we need only address whether Smerz's injury is within the zone of interests protected by that statute.[3] Section 66.1003(4)(d) provides:

---

[3] Interestingly, though, even if Wis. Stat. ch. 236 were the only applicable statute, Wis. Stat. § 236.445 directs counties to proceed according to Wis. Stat. § 66.1003, so the standing analysis under that subsection would arguably be the same.

No discontinuance of an unpaved alley shall be ordered if a written objection . . . is filed . . . by the owner of one parcel of land that *abuts the portion of the alley to be discontinued and* if the alley provides the only access to off-street parking for the parcel of land owned by the objector. (Emphasis added.)

Even though he does not assert that any of the objectors' land abuts the discontinued segments, Smerz argues that he nonetheless has standing because of a single sentence in § 66.1003(3): "The beginning and ending of an unpaved alley shall be considered to be within the block in which it is located." He states that "[b]ecause Appellants live on the same block of the alley at issue, they have standing to challenge the Order." We find this argument absurd. The legislature's choice to define the dimensions of an entire unpaved alley in a certain way does not change the plain meaning of the phrase "portion of the alley to be discontinued" when it appears elsewhere in the statute. Section 66.1003(4)(d) clearly gives standing to people whose property abuts the discontinued portions of the alleys, *not* every landowner on the block.

¶ 8.   We note that WIS. STAT. §§ 66.1003(2) & (3) set up a separate, more stringent, standard for the discontinuation of "public ways," which are defined as paved alleys and other streets, versus unpaved alleys. *See* § 66.1003(1) (defining "public way"); *compare* § 66.1003(2) & (4)(c) (discussing the discontinuation of public ways) *with* § 66.1003(3) & (4)(d) (discussing the discontinuation of unpaved alleys). Indeed, if this were a "public way" rather than an unpaved alley, Smerz might have standing under § 66.1003(4)(c), which provides that a public way will not be discontinued if more than one-third of landowners within 2650 feet of the public way to be discontinued object. The fact that a

different subsection of the statute recognizes an interest similar to Smerz's, while the statute pertaining to unpaved alleys does not, strengthens our view that Smerz's use of the unpaved alleys near him as space for extra parking is not an injury that is recognized by the statute.[4]

*Applicability of Wis. Stat. § 66.1003*

¶ 9.   As mentioned above, Smerz also argues that standing under Wis. Stat. § 66.1003 is irrelevant because the Town was required to adhere to Wis. Stat. ch. 236, which would require the county to act. To address this argument, we must interpret § 66.1003 in conjunction with ch. 236. Statutory interpretation "begins with the language of the statute." *State ex rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110 (citation omitted). If the meaning of the statute is plain, we ordinarily stop our inquiry and apply that meaning. *Id.* The context in which a statute appears and the history of the statute are relevant to its plain meaning, as is prior case law interpreting the statute. *Berkos v. Shipwreck Bay Condo. Ass'n*, 2008 WI App 122, ¶ 8, 313 Wis. 2d 609,

---

[4] Smerz makes one final argument related to his standing to challenge the Town's order—that streets and areas used by the public are afforded special protection under Wisconsin law and may not be discontinued. In support of that argument, he cites to several Wisconsin Supreme Court cases for the proposition that "Wisconsin case law has held for many years that a public way is not subject to being discontinued as long as it is actively used by those who have occasion to use the roadway." The cases he cites deal with the question of whether a highway may be discontinued because it has been abandoned, which is not the issue before us, so we will not address them.

758 N.W.2d 215. Unless the statute is ambiguous, we generally do not consult extrinsic sources for interpretation. *Id.*, ¶ 9.

■

¶ 10. WISCONSIN STAT. § 66.1003(3) states that a "town board *may* discontinue all or part of an unpaved alley" when certain conditions are met. (Emphasis added.) Then, there are two subsections of WIS. STAT. ch. 236 that Smerz argues may be used to vacate the alleys in question. The first is WIS. STAT. § 236.43, which states that courts "*may* vacate streets, roads or other public ways on a plat" if certain conditions are met. (Emphasis added.) The second is WIS. STAT. § 236.445, which states that county boards "*may* alter or discontinue any . . . alley in any recorded plat in any town in such county, not within any city or village" following the procedure laid out in § 66.1003. (Emphasis added.) As the Town points out, all three grants of authority—§§ 236.43, 236.445, and 66.1003—use the word "may," which strongly implies that none of them are meant to be the exclusive means to discontinue an alley.

¶ 11. Smerz argues that because WIS. STAT. ch. 236 deals with streets and alleys in recorded plats, it is more specific than WIS. STAT. § 66.1003(3), which applies to any unpaved alley located within a town. He cites to *State ex rel. Welch v. Chatterton*, 239 Wis. 523, 300 N.W. 922 (1941), for the proposition that "when a street or road is discontinued, the more specific statute must be employed because arguably two applicable statutes could apply." Indeed, in *Chatterton*, our supreme court held that one statute pertaining to the discontinuation of streets was more specific than another, stating that "[i]t is apparent that the legislature contemplated the existence of a village street 'pure and simple,' as in a class by itself and roads extending over

196

boundary lines as in another class." *Id.* at 527. What Smerz seems to be saying is that in ch. 236, the legislature created a separate class of streets in towns that are located in platted subdivisions versus streets in towns that are not within platted subdivisions.

¶ 12.   We disagree. First, *Chatterton* dealt with a different issue—whether a village could discontinue a portion of a road within its borders when the road extended beyond its borders. *Chatterton,* 239 Wis. at 527. The village had proceeded under WIS. STAT. § 61.38 (1939), which stated generally that a village board "may" discontinue a road "in any lawfully incorporated village" if certain criteria were met. *See Chatterton,* 239 Wis. at 526. The statute that applied to "[h]ighways on and across town and municipal boundaries," WIS. STAT. § 80.12 (1939), required that the two affected political entities agree in order to act.

¶ 13.   So, the *Chatterton* court was addressing whether a village could act unilaterally under one statute when another statute explicitly required it to act in concert with another political entity. *See Chatterton,* 239 Wis. at 528. Every highway between two political entities has sections that are entirely within one of them, so the agreement required by WIS. STAT. § 80.12 (1939) would have been completely circumvented if each political entity could act unilaterally on sections of highways entirely within its borders.

¶ 14.   We have no such conflict here. Both WIS. STAT. ch. 236 and WIS. STAT. § 66.1003 give a single political entity the authority to act alone on roads and alleys falling into different, but somewhat overlapping categories. Undoubtedly, some roads and alleys will fall under one statute or the other, while others will fall under both statutes. We have no basis to decide that one takes precedence over the other. One could easily argue

that § 66.1003(3) is more specific than ch. 236 because it refers explicitly to unpaved alleys.

¶ 15.   Finally, in looking at the statute's history, there is some evidence that the legislature intended for Wis. Stat. § 66.1003 to be an alternative to Wis. Stat. ch. 236. As the Town points out, § 66.1003's predecessor[5] was amended in 1993 to give towns (in addition to villages and cities) authority to act. *See* 1993 Wis. Act 246, § 118. The same act added a sentence stating that it "does not apply to a highway upon the line between 2 towns that is subject to [Wis. Stat. §] 80.11." 1993 Wis. Act 246, § 118. In 1995, the legislature added the predecessor to § 66.1003(3), Wis. Stat. § 66.296(1m), which set up different standards for the discontinuation of unpaved alleys versus other public ways. 1995 Wis. Act 239, § 2. That subsection also gave towns boards authority to act and exempted unpaved alleys that would fall under § 80.11. 1995 Wis. Act 239, § 2.

¶ 16.   The legislature is presumed to act with full knowledge of existing statutes. *See Wood v. American Fam. Mut. Ins. Co.*, 148 Wis. 2d 639, 646, 436 N.W.2d 594 (1989), *overruled on other grounds by Matthiesen v. Cont'l Cas. Co.*, 193 Wis. 2d 192, 202, 532 N.W.2d 729 (1995). At the time of both the 1993 and 1995 amendments, Wis. Stat. §§ 236.43 and 236.445 were already in existence. *See* §§ 236.43, 236.445 (1991–92). The legislature could have exempted roads and alleys that fall under Wis. Stat. ch. 236 as well those that fall under Wis. Stat. § 80.11, but it did not. Its omission of language exempting roads and alleys covered by ch. 236

---

[5] At the time of the changes, Wis. Stat. § 66.1003 was still Wis. Stat. § 66.296. Section 66.296 was renumbered § 66.1003 by 1999 Wis. Act 150, §§ 337–43.

shows that it did not intend for ch. 236 to be the exclusive means of dealing with unpaved alleys in recorded plats.

¶ 17.   Smerz points to a 1989 Wisconsin attorney general opinion regarding the ability of a town exercising village powers to act under WIS. STAT. ch. 66 as opposed to WIS. STAT. ch. 236. *See* 78 Wis. Op. Att'y Gen. 77 (1989). The attorney general opined that a town with village powers could not proceed under the predecessor to WIS. STAT. § 66.1003. The attorney general gave many reasons for his opinion, one of which was the explicit grant of that power to counties in WIS. STAT. § 236.445. We find the opinion unpersuasive for several reasons. First, because the plain language of § 66.1003 is clear on its face about the town's authority to act, the attorney general's opinion is irrelevant to our holding. *See Kalal*, 271 Wis. 2d 633, ¶¶ 45–46 (stating that when a statute is unambiguous, we generally do not look to extrinsic sources). But we also point out that it was written in 1989, before the predecessor to § 66.1003 was amended to include towns explicitly. So, the question it addressed was really whether towns could use their village powers to act under a statute authorizing villages to act when another statute explicitly authorized the county to act on the same roads.

¶ 18.   If anything, the 1989 opinion supports our conclusion that if the legislature had intended for only one body to have the power to act, it would have said so. When WIS. STAT. § 66.1003 was amended to include towns, not only did WIS. STAT. ch. 236 already exist, but this attorney general opinion also existed pointing out the potential conflict. To the extent that the coexistence of ch. 236 and § 66.1003 creates a problematic dual grant of authority, it is up to the legislature to solve the problem, not us. *See State ex rel. Badtke v.*

199

*School Bd. of Joint Common Sch. Dist. No. 1, City of Ripon*, 1 Wis. 2d 208, 213, 83 N.W.2d 724 (1957) ("Modifications of the statute if it works badly or in unexpected and undesirable ways must be obtained through legislative, not judicial action.").

¶ 19.  The plain language of WIS. STAT. § 66.1003, even when considered in conjunction with WIS. STAT. ch. 236, unambiguously shows that the Town had authority to proceed under § 66.1003(3) to vacate the unpaved alley segments. Because the Town had the authority to act under § 66.1003, and because Smerz lacks standing to challenge the action under that statute, we do not address any of the compliance issues he raises. *See Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983) (if resolution of one issue disposes of appeal, we need not address other arguments raised by appellant).

*By the Court.*—Judgment affirmed.